**Ernest Lee DAWSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46445.**

Court of Criminal Appeals of Texas.

March 21, 1973.

No attorney on appeal, for appellant.

Tom Hanna, Dis. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S MOTION FOR REHEARING

GREEN, Commissioner.

Our opinion on original submission is withdrawn and the following is substituted in lieu thereof.

This is an appeal from a conviction for murder without malice. The trial was before the court upon a plea of nolo contendere; punishment was assessed at five years imprisonment.

On original submission this case was reversed for the reason that the record did not reflect that the appellant was admonished under the provisions of Article 26.13, Vernon's Ann.C.C.P. It was found defi-

cient in that the court had not ascertained that the appellant, before entering his plea, was uninfluenced by any consideration of fear or by any persuasion or delusive hope of pardon prompting him to confess his guilt and enter a plea of nolo contendere.

 We now find in the record, approved without objection, an instrument signed and filed by the trial judge at the time the plea of nolo contendere was accepted which is exactly the same as that found in the case of Porter v. State, 482 S.W.2d 282 (Tex.Cr.App.1972) and what was there said is applicable to this case.

"The transcript of the testimony in this case does not show that the appellant was admonished in the exact words of the above quoted statute. However, in separate instruments included with the written waiver of jury trial and stipulations made by the appellant is an instrument signed on the date of the trial by the trial judge, which states:

" '. . . The Court:

" ' . . .

" '5. Asked the Defendant if he had been abused or mistreated in any manner, or promised any favors or hope of pardon or parole as an inducement to enter his plea of guilty, and the Defendant stated that he had not been abused nor mistreated nor promised anything to induce his plea, but that he was entering a plea of guilty because he was guilty and for no other reason;'

"The record is sufficient to support the recitation in the judgment meeting the requirement of the statute. Article 26.13, V.A.C.C.P."

 The sentence in the record incorrectly recites that the appellant was adjudged guilty of murder with malice. The judgment reflects that he was found guilty of murder without malice. The sentence will be, and hereby is, corrected to conform to the judgment.

The State's motion for rehearing is granted. The sentence being reformed, the judgment of reversal is set aside, and the judgment is affirmed.

Opinion approved by the Court.