**Mabel Marie RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67184.**

Court of Criminal Appeals of Texas, En Banc.

June 10, 1981.

Malcolm Dade, Dallas, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall and Joe C. Lockhart, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S MOTION FOR REHEARING**

ODOM, Judge.

This is an attempted appeal from a conviction for obscenity. V.T.C.A., Penal Code Sec. 43.23(c)(1). The punishment assessed by the trial court forms the basis of this "appeal."

On original submission we held, in a per curiam opinion, that we were without jurisdiction to entertain what we then considered a purported appeal from an order deferring adjudication of guilt. See *McDougal v. State*, Tex.Cr.App., 610 S.W.2d 509. We are now satisfied with our original result and take this opportunity to elaborate.

The record reflects that appellant pled guilty on July 1, 1980, to a two-count indictment accusing her of violating V.T.C.A., Penal Code Sec. 43.23(c)(1). The trial court then entered an order providing that

"in accordance with Article 42.13, Section 3d(a) of the Code of Criminal Procedure, *no judgment shall be entered in this cause* and that the Defendant be and is hereby placed on probation for a period of 1 year from this date . . . ." (Emphasis added.)

Put in other words, the court deferred adjudication and placed the appellant on probation for one year. Such an order is not appealable. See *McDougal v. State*, supra.

The very next page of the record, however, contains a "Judgment." See Art. 42.-01, V.A.C.C.P. This instrument stated that

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that the defendant Mabel Marie Richardson *is guilty of the offense of commercial obscenity* and the court having heard the evidence on the question of punishment *by payment of a fine in the amount of $1000.00 and Deferred Adjudication for One Year*, and that the State of Texas do have and recover of said Defendant Mabel Marie Richardson all costs of this prosecution for which let execution issue and the defendant is remanded to jail to await the further orders of the court herein."

The next instrument is a "sentence." See Art. 42.02, V.A.C.C.P. This "sentence" pronounces "punishment" at a $1000.00 fine and "deferred adjudication for one year." The docket sheet reflects notice of appeal.

■ Hence, although the trial court deferred adjudication of guilt, the record also contains what purports to be a judgment and sentence. After a valid adjudication of guilt, an appeal may be taken.

■ In this case, however, the purported *judgment* and *sentence* attempt to impose an impossible punishment, to wit: *deferred adjudication*! "[U]nder Article 42.12, Section 3d(a), no sentence is assessed and the imposition of a sentence is not suspended." *McNew v. State*, Tex.Cr.App., 608 S.W.2d 166, 172 (opinion on original submission). The court's attempt at pronouncing an impossible sentence rendered the sentence void. The judgment, authorizing the void sentence, was likewise void. See *Cooper v. State*, Tex.Cr.App., 527 S.W.2d 898.

What remains, then, is a valid order deferring appellant's adjudication of guilt. That order is not appealable. *McDougal v. State*, supra.

The motion for rehearing is overruled.