**Johnny Fay MAXEY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–013–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 17, 1981.

Rehearing Denied Jan. 7, 1982.

Discretionary Review Refused
March 31, 1982.

W. W. Kilgore, Kilgore, Cole & McManus, Victoria, for appellant.

Knute L. Dietze, Dist. Atty., Victoria, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for driving while intoxicated subsequent offense. Punishment was assessed at two years in jail with a $500 fine. The trial court suspended the sentence and placed appellant on probation for a period of two years.

An essential element of the State's case was appellant's previous conviction for misdemeanor driving while intoxicated. This conviction was based on a plea of guilty.

Two preliminary facts essential to admissibility of this conviction were that appellant was the person previously convicted, *Rios v. State*, 557 S.W.2d 87, 92 (Tex. Crim.App.1977), and that the plea of guilty was entered into voluntarily and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). These facts were established by findings the trial court necessarily made by implication when it overruled appellant's motion to suppress proof of that conviction. See *Simpson v. State*, 603 S.W.2d 862, 865 (Tex.Crim.App. 1980). In grounds of error one, two, and three, defendant argues in effect that these findings are without support in the evidence.

Concerning the finding that the plea of guilty was voluntarily and intelligently made, appellant contends that such fact was conclusively negatived by his unrebutted testimony showing that the trial judge who accepted his plea of guilty did not advise him that by pleading guilty he was giving up his right to confront his

accusers. This contention leaves out of account other important evidence germane to that finding. Recitals in the judgment of conviction show that appellant was represented by counsel and that he waived trial by jury. The transcript contains a plea of guilty form which reads as follows:

Now comes the defendant herein, in person and by and through his attorney, and represents to the Court that he desires to make immediate disposition of this case by here and now entering his plea of guilty herein, waiving trial by jury and submitting it to the Court on all issues of law and fact;

Wherefore, premises considered, defendant prays the Court to proceed immediately on the filing hereof to arraign him in this cause, to accept his said plea of guilty and waiver of trial by jury, to enter judgment thereon and, having entered the same to immediately sentence him in this manner provided by law, waiving for said purpose every provision of law the effect of which would delay or arrest entry of judgment or imposition of sentence herein.[1]

This form is signed by appellant, his attorney, and the trial judge. During his cross-examination on the hearing to suppress the conviction appellant stated that, "All I was wanting to do was pay my fine, take whatever I had coming and forget about it, and that is what I did."

This evidence clearly constitutes an adequate evidentiary basis for the implied trial court finding that the plea of guilty was intelligent and voluntary. *U. S. v. Frontero*, 452 F.2d 406 (5th Cir. 1971); *Richards v. State*, 562 S.W.2d 456, 457 (Tex.Crim.App. 1977); *Buchanan v. State*, 480 S.W.2d 207, 210 (Tex.Crim.App.1972); See also: *Davis v. State of Maryland*, 278 Md. 103, 361 A.2d 113 (Ct.App. Maryland 1976).

■ Concerning the issue of identity, appellant contends that the evidence is insufficient to identify him as the person named in the documents evidencing the previous conviction. To prove identity, the State relied upon court records and the testimony of the attorney who represented appellant on the misdemeanor charge. After identifying appellant in the courtroom, the attorney identified appellant's signature and his own on a plea of guilty form. The caption on this form reads "The State of Texas vs. Johnny Fay Maxey, No. 25,760, In the County Court at Law Victoria County, Texas, Winter Term, 1976." The form is marked filed on February 10, 1976. This form was admitted into evidence. Also admitted into evidence was a certified copy of the judgment of conviction and the judgment of sentence in cause number 25,760, from the Victoria County Court at Law. These judgments are dated February 10, 1976. This evidence is sufficient to support the trial court's implied finding that appellant was the person convicted of misdemeanor driving while intoxicated in cause number 25,760.

■ A further contention by appellant that the previous conviction is void because there was "no evidence represented by the State corroborating the Defendant's alleged guilty plea," is without merit. In a misdemeanor case the State is not required to offer evidence in support of a plea of guilty. *Brown v. State*, 507 S.W.2d 235 (Tex.Crim. App.1974).

The judgment of the trial court is affirmed.

---

1. In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. Tex.Code Crim.Pro.Ann. art. 26.13(c) (Vernon Supp. 1980–81).