**Darold Ray HUTSON, Appellant,**

v.

**The STATE of Texas.**

**No. 12–81–0199–CR.**

Court of Appeals of Texas, Tyler.

April 21, 1983.

Richard E. Swift, Jr., Swift, Swift & Lawrence, Palestine, for appellant.

Jack Skeen, Dist. Atty., Tyler, for appellee.

COLLEY, Justice.

Appellant was convicted of the offense of driving while intoxicated, a misdemeanor, and his punishment was assessed at forty-five days confinement in the Smith County Jail and a fine of $300.00.

On August 25, 1980, the appellant waived his right to a jury trial on the offense and entered a plea of guilty before the court. The trial court deferred further proceedings without entering an adjudication of appellant's guilt, placed the appellant on probation for one year by written order setting certain conditions of probation. A fine was imposed as one of the conditions of probation under the provisions of Art. 42.13, Section 3d(a) V.A.C.C.P.[1] On April 22, 1981, the State filed an application requesting the trial court to revoke the probation granted and proceed to adjudicate appellant's guilt because of alleged violations by appellant of certain conditions of his probation. A hearing was conducted on the State's application on June 18, 1981. Appellant appeared at such hearing in person and with his employed counsel, Michael Spruiell, and pleaded "true" to each allegation in the State's application to revoke. The Court, after receiving appellant's plea, proceeded to revoke appellant's probation and adjudicated his guilt. Punishment was assessed by the Court as above mentioned.

A sentencing hearing was set for July 10, 1981, but was re-set for July 24, 1981, then re-set again for July 29, 1981. On July 29, 1981, the defendant and his newly retained counsel, Dick Swift, appeared and appellant was duly sentenced and this appeal was perfected by appellant.

Appellant raises three grounds of error. Ground No. 1 complains of the order of August 25, 1980, deferring adjudication of guilt and placing appellant on probation. Appellant argues that this order is void because "... it attempts to impose an impossible sentence, to-wit: deferred adjudication and a fine." Cited as support for this contention by appellant is *Richardson v. State,* 617 S.W.2d 267 (Tex.Cr.App.1981). *Richardson* does not support appellant's position. In that case an order for deferred adjudication *and* a judgment of conviction were signed. The court adjudged the defendant therein guilty and assessed punishment, "... by fine of $1,000.00 and deferred adjudication for one year..." Then follows in that case a "sentence" ordering the execution of the judgment. The holding in *Richardson* is that the judgment and sentence were void because of the attempt ".... to impose an impossible punishment, to-wit: deferred adjudication!" The Court of Criminal Appeals, after such determination, dismissed the appeal in *Richardson,* leaving the order deferring adjudication intact since it was not appealable, citing

---

1. All references unless otherwise indicated are to Vernon's Annotated Code of Criminal Procedure.

*McDougal v. State,* 610 S.W.2d 509 (Tex.Cr. App.1981). In our case the order deferring adjudication is just that, an order deferring adjudication of appellant's guilt. A fine was imposed as a condition of the probation granted appellant in the sum of $300 as authorized by Art. 42.13, Section 3d(a). Under the authority of *Richardson* and *McDougal, supra,* if Ground No. 1 were the sole ground of this appeal, we would dismiss the appeal; since it is not, we overrule appellant's ground No. 1.

■ By ground No. 2, appellant claims fundamental error exists in this cause because the trial judge failed to admonish appellant of the range of punishment as required by Art. 26.13. Appellant cites numerous authorities to support his argument on this ground. All of the cases cited by appellant involve felony offenses and do not support appellant's contention under this ground. It has long been the rule in this State that the provisions of Art. 26.13 and its forerunners are not applicable to misdemeanor cases. *Berliner v. State,* 6 Tex.App. 181 (1879); *Johnson v. State,* 39 Tex.Cr.R. 625, 48 S.W. 70 (1898). *See also, Empy v. State,* 571 S.W.2d 526 (Tex.Cr.App.1978). Ground No. 2 is overruled.

Ground of Error No. 3 reads: "The defendant was not represented by counsel at the guilt or [sic] innocence stage of this proceeding and did not make a knowing and intelligent waiver of counsel." We construe the ground as complaining that when the appellant entered his plea of guilty in this cause on August 25, 1980, he was not represented by, and had not waived his right to, counsel. The record here does not include a transcription of the evidence offered, and the proceedings had, at the time the appellant entered his plea of guilty. We are therefore unable to review the colloquy, if any, that transpired between the trial judge and the defendant on August 25, 1980, regarding appellant's waiver of his right to counsel. The record before us does show, however, that at the time of trial on August 25, 1980, the appellant signed and the clerk of court filed a lengthy document, reading in part as follows:

"I, the undersigned Defendant in this case, in open Court, show to the Court that I have no attorney, that I do not intend to employ or hire an attorney in this case, and having been told by the Judge of this Court that if I am unable to hire an attorney that an attorney will be appointed for me in this case, say to the Court that I do not want an attorney and do not want the Court to appoint an attorney to represent me in this case. I further say to the Court that I desire an immediate trial of this case before the judge of this Court without a Jury, and desire to here and now enter my Plea of Guilty in this case, before the Judge of this Court, and I desire this case tried before the Judge of this Court without a Jury Trial, and for the Judge to decide all matters of fact and law."

The closing paragraph of such document reads as follows:

"In view of the above, I, the undersigned Defendant, ask the Court to proceed immediately after this paper is filed, to arraign me in this case, to accept my Plea of Guilty and try me without a Jury, to receive evidence concerning the facts of this case in the way I have agreed to above, to render judgment, convicting me on my Plea of Guilty, and having done so, to immediately sentence me in the manner provided by law, and I waive for said purpose every provision of the law the effect of which would delay or arrest judgment of conviction or the Court sentencing me in this case."

■ The trial judge on the same day approved "[t]he foregoing waivers and applications . . ." After a careful examination of such document, it is our conclusion that the same clearly demonstrates that appellant made a knowing and intelligent waiver of his right to counsel at his trial below. This case is on "all fours" with *Empy v. State, supra,* except that the written waiver of counsel here affirmatively shows that the Court did inform the appellant that if he were indigent, the Court would appoint counsel to represent him in the case. The record before us further

shows that the appellant was represented in proceedings in this cause by two different retained attorneys, namely, Michael Spruill at the hearing to adjudicate guilt and Dick Swift at the sentencing hearing. There is no indication of any kind that the appellant was indigent at any time during the trial of the cause below and he makes no such contention in his brief. Appellant's third ground is overruled. *Empy v. State, supra.*

The judgment of the trial court is in all things affirmed.