1. The statute facially in effect at the time of the charged offense, § 4.051 of the Controlled Substances Act (1981 Tex.Gen.Laws, ch. 268, § 8, at

Roger J. ROY, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–84–095–CR.

Court of Appeals of Texas, Austin.

Aug. 1, 1984.

Edith L. James, Austin, for appellant.

Margaret Moore, County Atty. Austin, for appellee.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

Roger J. Roy was charged by information with possession of less than two ounces of marihuana. Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.05(a), (b)(3) (1976).[1] Fol-

702) was included in House Bill 730, which was declared unconstitutional in *Crisp v. State,* 643

lowing his plea of guilty, pursuant to Tex. Rev.Civ.Stat.Ann. art. 4476–15, § 4.12(a) [1981 Tex.Gen.Laws, ch. 276, § 2, at 741, repealed by amendment effective August 29, 1983 (Supp.1984)], the trial court entered an order deferring adjudication of guilt and placing him on probation for a term of six months. Roy attempts an appeal from that order.

There is no appeal available from an order deferring adjudication and granting probation, whether the proceeding is a felony prosecution, Tex.Code Cr.P.Ann. art. 42.12, § 3d(a) (Supp.1984), or a misdemeanor prosecution, Tex.Code Cr.P.Ann. art. 42.-13, § 3d(a) (Supp.1984). *See Richardson v. State,* 617 S.W.2d 267 (Tex.Cr.App.1981); *McDougal v. State,* 610 S.W.2d 509 (Tex. Cr.App.1981). The same principle applies to the conditional-discharge provisions of § 4.12(a) of the Controlled Substances Act: there is no appeal available in the absence of a judgment of guilt.

Accordingly, the appeal is dismissed.

S.W.2d 487 (Tex.App.1982), aff'd, *Ex parte Crisp,* 661 S.W.2d 944, 661 S.W.2d 956 (Tex.Cr.App. 1983). This left the prior statute (§ 4.05) in effect. The offense charged in this cause was a class-B misdemeanor under either version of the statute.