Jose Maldonado GARZA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–240–CR.

Court of Appeals of Texas,
Corpus Christi.

March 7, 1985.

J. Manuel Banales, Corpus Christi, for appellant.

Grant Jones, Nueces County Dist. Atty., Corpus Christi, for appellee.

Before KENNEDY, UTTER and KEITH, JJ.[1]

OPINION

KENNEDY, Justice.

In a jury trial appellant entered a plea of guilty to an indictment charging him with a subsequent offense of driving a motor vehicle while intoxicated. Punishment was assessed by the jury at five months' confinement in the Nueces County Jail.

The record reflects that on October 31, 1979, appellant entered a plea of nolo contendere to, and was convicted of, a previous charge of driving while intoxicated. In

1. Associate Justice (Ret.), Court of Appeals, Ninth Supreme Judicial District, sitting by designation. TEX.REV.CIV.STAT.ANN. art. 1812(d) (Vernon Supp.1985).

the instant case appellant's indictment states, as an element of the offense charged, that he was convicted of the previous misdemeanor offense of driving while intoxicated on the 31st day of October, 1979. In his first ground of error, appellant contends that the trial court erred by denying appellant's motion to strike the "enhancing language" from the indictment. Appellant argues that the 1979 conviction was fundamentally defective (1) because the record contained no waiver of his rights to the appearance, confrontation and cross-examination of witnesses, and (2) because there was no evidence in the record to support the plea of nolo contendere that was entered in that case.

■ Appellant's waiver of his right of confrontation need not be specifically set out in the record, especially where, as here, the previous misdemeanor conviction is merely an element of the felony offense now charged. Our decision is reinforced by analogous holdings by other courts that even the statutory admonishment of TEX. CODE CRIM.PROC. ANN. art. 26.13 (Vernon Supp.1985) need not precede the acceptance of a plea of guilty to a *misdemeanor*. *Empy v. State*, 571 S.W.2d 526 (Tex.Crim.App.1978); *Hutson v. State*, 652 S.W.2d 807 (Tex.App.—Tyler 1983, no pet.). Although appellant did not testify at the hearing on the motion to suppress the previous misdemeanor conviction, the prior conviction does contain a plea-of-guilty form similar to the one cited by this court in overruling an identical challenge in the case of *Maxey v. State*, 626 S.W.2d 180 (Tex.App.—Corpus Christi 1981, pet. ref'd).

■ We also reject appellant's contention that the previous conviction was invalid because the record contained no evidence to support the previous plea of nolo contendere. After a plea of "guilty" or "nolo contendere" in a misdemeanor case, punishment may be assessed by the court either upon or without evidence, at the discretion of the court. TEX.CODE CRIM.PROC. ANN. art. 27.14(a) (Vernon Supp.1985). In a misdemeanor case the State is not required to offer evidence in support of a plea of guilty. *Brown v. State*, 507 S.W.2d 235 (Tex.Crim.App.1974); *Maxey* at 182. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred by failing to properly admonish appellant *after* he "entered his plea of guilty to the indictment before the jury" as required by TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon Supp.1985). The State concedes that admonishments were not given *before* the trial court accepted the guilty plea. The abstract portion of the court's charge informed the jury that appellant "persisted in entering his plea of guilty notwithstanding that the court, as required by law, has admonished him of the consequences." Similarly, the judgment states that "[b]efore his plea of guilty to the jury [appellant] had been duly admonished by the court outside the presence of the jury as to the consequences of such plea as required by law." Had the record clearly reflected that appellant was admonished about the range of punishment for the offense to which his guilty plea was entered, there would be some question about whether the statements in the charge and judgment would be sufficient to establish that the admonishment was given. *See Creeks v. State*, 537 S.W.2d 29 (Tex.Crim.App. 1976); *Dawson v. State*, 491 S.W.2d 687 (Tex.Crim.App.1973). *But see King v. State*, 502 S.W.2d 800 (Tex.Crim.App.1973) (Footnote 2); *Ex Parte Chavez*, 482 S.W.2d 175 (Tex.Crim.App.1972). We note, however, that the record must affirmatively show admonishment as to the range of punishment, or the guilty plea will be rendered invalid; such an omission is fundamental error. An affirmative showing that appellant entered his plea with full knowledge of its consequences is constitutionally required as well. *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App.1979).

■ Especially in light of the State's concession of error, we will not speculate on whether the trial court actually admonished appellant "as required by law." Appellant's second ground of error is sus-

tained. The judgment of the trial court is REVERSED and the cause is REMANDED.