**Keith Ray McMILLAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00305–CR**

Court of Appeals of Texas,
Dallas.

Dec. 23, 1985.

Howard Shapiro, Plano, for appellant.

H. Ownby, Crim. Dist. Atty., Collin County, Roger V. Dickey, Asst. Dist. Atty., Collin County, McKinney, for appellee.

Before AKIN, WHITHAM and DEVANY, JJ.

AKIN, Justice.

Keith Ray McMillan appeals his conviction for driving while intoxicated after trial to the court on a plea of guilty. The court imposed a sentence of 10 days' confinement in the Collin County Jail and a fine of $1,200. In two grounds of error, appellant asserts his conviction should be reversed because he was not afforded due process of law in the taking of his plea of guilty and in his waiver of his rights. We agree with appellant's contention that, because he was not informed of the penalty range of the offense, his plea of guilty was not made knowingly and intelligently. Consequently, we reverse his conviction, and remand for a new trial.

In his first ground of error, appellant contends that the taking of his misdemeanor guilty plea should have been accorded the same procedural safeguards as are afforded in the taking of felony pleas. Thus, he asserts, the State should have complied with article 26.13 of the Code of Criminal Procedure. In his second point of error, appellant asserts that his waivers of his constitutional rights, including those waived by his plea of guilty, were not knowingly and intelligently made. Consequently, appellant contends that these waivers were not voluntary, and are invalid under Article 1 Section 19 of the Texas Constitution and the Fourteenth Amendment of the United States Constitution.

In reviewing the record on this point, we note that although the record reflects that the court gave many admonishments, it does not reflect that the court admonished the appellant on the range of punishment attached to the offense with which he was charged, as would be required under article 26.13(a)(1). The court did, however, ask appellant if he knew the range of punishment, and appellant replied that he did. In addition, appellant signed a written waiver asserting that he "pleads guilty to the charge knowing the full possible range of punishment for the charge against him." In neither case, however, does it appear in the record that appellant was in fact informed of the proper range of punishment, or of any range at all.

There can be no doubt that article 26.13 does not apply to pleas in misdemeanor cases. *McGuire v. State,* 617 S.W.2d 259 (Tex.Crim.App.1981); *Empy v. State,* 571 S.W.2d 526 (Tex.Crim.App.1978) (en banc); *Garza v. State,* 688 S.W.2d 666 (Tex.App.—Corpus Christi 1985, no pet.); *Hutson v. State,* 652 S.W.2d 807 (Tex.App.—Tyler 1983, no pet.). Thus, appellant's claim must rely solely on due process requirements, not the statutory provision.

With respect to his written waiver of rights, as distinguished from his plea of guilty, appellant asserts that his waiver of those rights, though in writing, was not a knowing and intelligent waiver. It is undisputed that the oral admonishments of the trial judge and the written waiver would be sufficient in content but for the failure to expressly advise appellant of the punishment range applicable. Furthermore, appellant concedes that the executed form establishes a prima facie showing that the waiver, as to all such rights affected thereby, was "knowing and intelligent." Nevertheless, appellant contends that other circumstances negate that presumption in this case. In this respect, appellant relies on the fact that he was apprised of his rights in a "group session" and was therefore, he asserts, intimidated into foregoing any questions which he might have had with respect to his rights. Appellant cites no authority for the proposition that a group session is not a permissible method of informing criminal defendants charged with misdemeanors of their constitutional rights. However, we note that the trial judge, at the taking of appellant's plea following the group session, asked appellant individually if he understood his constitutional rights. This afforded appellant an opportunity to ask any questions that he might have had, which he did not do. We need not decide, therefore, whether a group session alone would have been constitutionally sufficient.

■ Thus, the only question remaining is whether failure to inform a misdemeanant of the possible range of punishment renders his plea of guilty invalid because it was not given knowingly and intelligently. We note that the court of criminal appeals has held that such failure with regard to a felony defendant is of constitutional proportions and renders his guilty plea invalid. *Ex Parte McAtee,* 599 S.W.2d 335, 336 (Tex.Crim.App.1980, *en banc).* Furthermore, such admonishments must be affirmatively shown on the record in order to comply with due process requirements. *Whitten v. State,* 587 S.W.2d 156, 158 (Tex.Crim.App.1979), *Garza v. State,* 688 S.W.2d 666, 667 (Tex.App.—Corpus Christi 1985, no pet.). Hence, failure to admonish a defendant charged with a felony of the possible range of punishment, or at least the maximum possible punishment, renders his guilty plea invalid on constitutional and not just statutory grounds. *See also Barbee v. Ruth,* 678 F.2d 634, 635 (5th Cir. 1982); *Wade v. Wainwright,* 420 F.2d 898, (5th Cir.1969).

■ Although many Texas cases have held that the requirements of article 26.-13(a)(1) are not applicable to misdemeanor cases, as noted above, none of these cases addresses the issue of whether due process requires an admonishment on punishment range prior to acceptance of a plea of guilty to a misdemeanor. With respect to due process, we see no difference between a felony and a misdemeanor as to advising a defendant of the range of punishment.

Accordingly, we hold that due process requirements are applicable, and that a guilty plea to a misdemeanor is not voluntary if the defendant is not admonished as to the range of punishment.

The United States Supreme Court has, for certain due process purposes, held that the distinction between felonies and misdemeanors is irrelevant. *See Argersinger v. Hamlin,* 407 U.S. 25, 30–37, 92 S.Ct. 2006, 2009–2013, 32 L.Ed.2d 530 (1972); *Mayer v. City of Chicago,* 404 U.S. 189, 195–197, 92 S.Ct. 410, 415–416, 30 L.Ed.2d 372 (1971). In *Argersinger,* the Supreme Court held that, at a minimum, no person could be sentenced to any term in prison if the record did not show he was affirmatively apprised of his right to counsel and waived that right. *See also Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962); (waiver of right to counsel in state felony prosecution must be affirmatively shown in record). *Mayer* concerned an Illinois statute which distinguished between felony and non-felony offenses for purposes of the provision of free trial transcripts to indigent defendants for appeal. The court there stated, "the distinction between felony and non-felony offenses drawn by [this statute] can ... [not] satisfy the requirements of the Fourteenth Amendment.... The distinction ... is, therefore, an 'unreasoned distinction' proscribed by the Fourteenth Amendment." *Mayer,* 404 U.S. at 195–196, 92 S.Ct. at 415–416.

■ Similarly, we hold that any distinction between felonies and non-felonies which result in imprisonment, is irrational and irrelevant for purposes of determining whether a guilty plea is "voluntarily made." A defendant subject to possible imprisonment is entitled to at least be informed of the maximum sentence which he may receive prior to entry of a guilty plea. Failure to so inform a defendant must render his plea of guilty non-voluntary, because he cannot understand fully the consequences of that plea if he is uninformed as to the sentence he may receive. *See Boykin v. Alabama,* 395 U.S. 238, 242–244, 89

S.Ct. 1709, 1711–1713, 23 L.Ed.2d 274 (1969) (waiver of constitutional rights against compulsory self-incrimination, to trial by jury, and to confront witnesses, when guilty plea is entered, requires "utmost solicitude ... to make sure [defendant] has full understanding of what the plea connotes and of *its consequence."* [emphasis added]); *Brady v. U.S.* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970) (waiver of constitutional rights by entry of guilty plea must not only be voluntary but "must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and *likely consequences."* [emphasis added]).

■ We further hold that an affirmative showing, in the record, that defendant knew the range of punishment to which he was subjecting himself is constitutionally required in misdemeanor cases where imprisonment is imposed. *See Whitten v. State,* 587 S.W.2d 156, 158 (Tex.Crim.App. 1979) (purpose of admonishment is to ensure defendant has full knowledge of consequences of his plea, and affirmative showing of knowledge of range of punishment is required, citing *Boykin,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274); *Garza v. State,* 688 S.W.2d 666, 667 (Tex.App.— Corpus Christi 1985, no pet.) (record did not clearly reflect that the defendant was admonished about the range of punishment, and affirmative showing is required).

However, because article 26.13 does not apply to misdemeanors, the exact form such an admonishment must take to be constitutionally sufficient may differ from that which is required by the statute. First, there is no constitutional requirement that the trial judge personally inform the defendant of the range of punishment. So long as the defendant is so informed, on the record, it is not constitutionally significant from what source he receives that information. *See Ouiroz v. Wawrzaszek,* 749 F.2d 1375, 1377–78 (9th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2119, 85 L.Ed.2d 483 (1985) (although due process requires the defendant know the conse-

quences of his guilty plea, including the maximum penalty, it is not constitutionally necessary that the trial judge so inform him on the record, therefore district court's finding that his defense counsel so informed him is sufficient). Thus, a printed form signed by the defendant, containing the necessary information, or a statement; directed to the defendant by the prosecutor or defense counsel may suffice. Furthermore, cases concerning the constitutionally required warning in felony cases state that the defendant must be informed of the maximum possible sentence, but not necessarily the minimum. *See Cooks v. United States,* 461 F.2d 530, 532–533 n.3 (5th Cir. 1972) (counsel incorrectly advised defendant of maximum, no indication that minimum possible sentence disclosed); *Wade v. Wainwright,* 420 F2d 898, 900–901 (5th Cir. 1969) ("it seems clear that the failure of the trial court to assure itself with respect to ascertaining whether the accused knew *the outer limits* of the penalty which he could suffer upon entering the plea, is inconsistent with due process of law" [emphasis added]); *Hill v. Estelle,* 653 F.2d 202, 205 (5th Cir.1981) *cert. denied,* 454 U.S. 1036, 102 S.Ct. 577, 70 L.Ed.2d 481 (1981) (total ignorance of outer limits of penalty defendant could receive renders his guilty plea invalid under due process).

In our view, the better practice would be to inform the defendant both of the minimum and the maximum punishment to which he is subject. It seems clear to us that it is as likely that a defendant will make an uninformed plea of guilty when he wrongly believes he may receive a lighter sentence than possible, as when he wrongly believes his sentence cannot be harsher than a certain term. However, it is not clear from the federal authorities that admonishment on the full range is constitutionally required, and we need not decide that issue here. We also do not decide whether an admonishment as to range of penalties is required in cases where the only punishment actually imposed is a fine or forfeiture of a privilege.

Thus, we hold only that the record must affirmatively show that a defendant impris-

oned for a misdemeanor offense was informed of at least the maximum term of imprisonment to which he was subject or his guilty plea will be rendered constitutionally invalid under both the Fourteenth Amendment to the Constitution of the United States and Article 1 section 19 of the Texas Constitution. The record here does not show that appellant was so apprised. Consequently, we reverse the judgment of the trial court and remand for a new trial in accordance with this opinion.

Reversed.