Garza-ME v. state 






DISMISSED
JUNE 7, 1990

NO. 10-90-038-CR

Trial Court
# 87-009-CR
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

MARIO EFRAIN GARZA,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 87th Judicial District Court
Freestone County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Appellant Garza pleaded guilty on May 18, 1987, to the offense
of possession of marijuana, fifty pounds or less but more than five
pounds, and was sentenced to five years confinement in the Texas
Department of Corrections and assessed a $5,000 fine, probated for
five years. On July 3, 1989, Garza, acting on his own behalf,
filed an instrument entitled "Motion for a Revocation of Probation
Hearing," in which he requested a revocation hearing and cited his
present confinement at the Federal Correctional Institution,
Bastrop, Texas while serving a 120-month sentence imposed in
December 1988 by the U.S. District Court, Southern District,
McAllen Division. Garza requested that the court grant his motion
or, alternatively, continue his probation after he had completed
the sentence he was then serving in Bastrop.
On August 18, 1989, the State filed a motion to revoke Garza's
probation, alleging the subsequent criminal conviction and other
violations of the conditions of his probation.
On February 14, 1990, Garza filed an application to proceed in
forma pauperis and a motion styled "Defendant's Motion to Have the
Court Revoke Probation," in which Garza stated that he was being
deprived of rehabilitation programs afforded others at the Bastrop
facility due to his pending probation status.
Pursuant to the State's "Motion to Show Cause on Probation
Revocation" which alleged Garza's incarceration in the federal
penitentiary, the trial court dismissed the "motion to revoke
probation." Garza attempts an appeal from that dismissal order.
The court's order of dismissal is not clear as to whether the
dismissal pertained to the motion to revoke filed by the State or
to those motions filed by Garza. Regardless of whose motion the
trial court actually dismissed, this court cannot entertain the
appeal because no appeal lies in the absence of a final conviction
and judgment of guilt. See Ex parte Hernandez, 705 S.W.2d 700,
701 (Tex. Crim. App. 1986); Roy v. State, 674 S.W.2d 924, 925 (Tex.
App.--Austin 1984, no pet.); Murphy v. State, 689 S.W.2d 341, 342
(Tex.Civ.App.--Fort Worth 1985, no pet.). Moreover, the trial
court is afforded broad discretion to modify, revoke or continue
probation and Garza has failed to show an abuse of that discretion. 
See Ex parte Tarver, 725 S.W.2d 195, 200 (Tex. Crim. App. 1986). 
Accordingly, the appeal is dismissed.
 
                                                                  
                                     BOB L. THOMAS
DO NOT PUBLISH Chief Justice