IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-008-CR




ANTONIO CONTRERAS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT OF CALDWELL COUNTY, 


NO. 20,433, HONORABLE EDWARD L. JARRETT, JUDGE


 





PER CURIAM

 Appellant pleaded guilty and judicially confessed to driving while intoxicated,
second offense. Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (Supp. 1991). The court found appellant
guilty and assessed punishment at incarceration for two years and a $2000 fine.

 In his only point of error, appellant contends that the judgment of conviction is void
because the record does not reflect that he was informed of the range of punishment applicable
to the offense prior to entering his plea of guilty. (1) Appellant relies on McMillan v. State, 703
S.W.2d 341 (Tex. App. 1985), rev'd, 727 S.W.2d 582 (Tex. Cr. App. 1987). In McMillan, the
court of appeals held that federal and state due process requires that the record must affirmatively
reflect that a defendant incarcerated for a misdemeanor offense was informed of at least the
maximum applicable punishment before he entered his plea of guilty. Concluding that the record
before it was deficient in that regard, the court of appeals reversed the conviction. The Court of
Criminal Appeals reversed the judgment of the court of appeals, holding that the record was
adequate to show that the defendant had been informed of the applicable punishment range. The
Court of Criminal Appeals expressly declined to consider whether the court of appeals had been
correct in holding that such a showing was required by due process. The Court of Criminal
Appeals did state, however, that due process does not require that the trial judge inform the
defendant of the punishment range on the record.

 On October 31, 1990, appellant appeared in court with appointed counsel to enter
his plea. During the course of this hearing, appellant was questioned by the court under oath.


 THE COURT: What I need to get straight with you, Mr. Contreras, do you
understand that this is what we call an "open plea"?


 THE DEFENDANT: I understand plea, correct, sir.


 THE COURT: And you understand that not only could I give you probation and
require you to go to jail for 72 hours, I could actually put you down in the county
jail for two years?


 THE DEFENDANT: I know. He [counsel] explained me that, too, sir.


 THE COURT: So, you're aware of that.


 THE DEFENDANT: Right. Correct, sir.



On November 19, 1990, appellant returned to court for assessment of punishment. While urging
the court to place appellant on probation, defense counsel stated that he and appellant were aware
of the punishment range for driving while intoxicated, second offense.

 When determining whether a guilty plea was knowingly and voluntarily made, the
entire record should be considered. Williams v. State, 522 S.W.2d 483 (Tex. Cr. App. 1975). 
The record as a whole in this cause is adequate to establish that appellant had been informed by
counsel of the applicable range of punishment before he pleaded guilty. Thus, without adopting
the constitutional standard enunciated by the court of appeals in McMillan, we find that that
standard was met in this cause.


 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: May 15, 1991

[Do Not Publish]
1. Appellant does not contend that he did not know the range of punishment, does not contend
that his plea was in any way involuntary, and does not contend that his trial counsel was
ineffective for having failed to properly advise him prior to the plea.