Hinojosa v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,


AT AUSTIN



 




NO. 3-90-063-CR




HILDA HINOJOSA,


APPELLANT


vs.



THE STATE OF TEXAS,


APPELLEE

AND



NO. 3-90-064-CR




JEANETTE WILLIAMS,


APPELLANT


vs.



THE STATE OF TEXAS,


APPELLEE 



 



FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,


NOS. 328-564 AND 316-698, HONORABLE STEVE RUSSELL, JUDGE


 



PER CURIAM


 In a joint trial, Hilda Hinojosa and Jeanette Williams
pleaded no contest to criminal trespass at an abortion clinic and
were each sentenced by a jury to 180 days in the county jail and a
$1,000.00 fine. 1981 Tex. Gen. Laws, ch. 596, § 1, at 2385 [Tex.
Pen. Code § 30.05, since amended]. In twenty-two points of error,
appellants contend that the trial court erred in: (1) rendering
judgments based on constitutionally infirm pleas of no contest
(points one through three); (2) issuing the court's charge on
punishment (points four through nine); (3) improperly commenting on
the weight of the evidence (point ten); (4) exceeding the court's
jurisdiction (points eleven and twelve); (5) overruling an
objection to the State's closing argument (points thirteen and
fourteen); and (6) committing other errors (points fifteen through
twenty-two). We will modify the judgment of conviction for
appellant Hinojosa and, as modified, affirm. We will affirm the
judgment of conviction for appellant Williams.

 In point of error one, appellants allege that the trial
court erred in rendering judgments based on constitutionally infirm
pleas of no contest because appellants were not informed of the
maximum range of punishment before their pleas were entered. In
support of this contention appellants refer us to the opinion of
the Dallas Court of Appeals in McMillan v. State, 703 S.W.2d 341
(Tex. App. 1985), rev'd on other grounds, 727 S.W.2d 582 (Tex. Cr.
App. 1987). McMillan held that the record must affirmatively show
that a defendant imprisoned for a misdemeanor offense was informed
of at least the maximum term of imprisonment to which he was
subject or his guilty plea will be rendered constitutionally
invalid under both the fourteenth amendment of the federal
constitution and article I, section 19 of the state constitution. 
U.S. Const. amend. XIV; Tex. Const. Ann. art. I, § 19 (1984). (1)

 The record in this cause indicates that appellants were
informed of the punishment range during voir dire examination of
the jury panel before they entered their no contest pleas in the
presence of the jury. This is sufficient to meet the standard
enunciated in McMillan: "[T]here is no constitutional requirement
that the trial judge personally inform the defendant of the range
of punishment. So long as the defendant is so informed, on the
record, it is not constitutionally significant from what source he
receives that information" McMillan, 703 S.W.2d at 344. We express
no opinion, however, on whether the McMillan court was correct in
holding that the state and federal constitutions require that a
defendant be informed of the punishment range before he pleads
guilty or no contest to a misdemeanor. Point of error one is
overruled.

 In points of error two and three, appellants allege that
the trial court erred in rendering judgments based on
constitutionally infirm pleas of no contest because the record does
not affirmatively show that appellants intelligently and
voluntarily waived their federal constitutional right against
compulsory self-incrimination. We disagree. Appellants have
failed to carry their burden by showing in the record that they did
not understand the consequences of their pleas or that they were
mislead in any way by the State or the trial court. Drake v.
State, 756 S.W.2d 43, 45 (Tex. App. 1988, no pet.). We determine
that the entire record, including the voir dire examination which
appellants attended, supports the State's contention that
appellants were competent and that they voluntarily and
intelligently entered no-contest pleas. See Williams v. State, 522
S.W.2d 483 (Tex. Cr. App. 1975). Points of error two and three are
overruled.

 In points of error four through nine, appellants allege
that the trial court fundamentally erred in issuing the court's
charge on punishment. The State correctly responds that the trial
court gave appellants an opportunity to object to the charge and
appellants offered no objections. The predicate question,
therefore, is whether points of error four through nine are
fundamental errors such that the points have not been waived.

 Article 36.19 of the Code of Criminal Procedure contains
the standards for both fundamental error and ordinary reversible
error. Tex. Code Cr. P. Ann. art. 36.19 (1981). If the error in
the charge was the subject of a timely objection in the trial
court, then reversal is required if the error is "calculated to
injure the rights of defendant." On the other hand, if no proper
objection was made at the trial, the judgment will be reversed only
if the error is "fundamental"; it must create "egregious" harm such
that the defendant "has not had a fair and impartial trial." In
both situations the actual degree of harm must be assayed in light
of the entire jury charge, the state of the evidence, including the
contested issues and weight of the probative evidence, the argument
of counsel, and any other relevant information revealed by the
record of the trial as a whole. Almanza v. State, 686 S.W.2d 157,
171 (Tex. Cr. App. 1984). After examining the record, we conclude
that points of error four through nine are not fundamental error,
if indeed the trial court committed any error. Points of error
four through nine are overruled.

 In point of error ten, appellants contend that the trial
court erred in improperly commenting on the weight of the evidence
by explaining why he did not view a videotape and why a photograph
offered into evidence had multiple exhibit stickers on it. (2) 
Appellants failed to object to either comment and have waived their
right to assert error. Furthermore, the alleged error, if any, is
not fundamental. Tex. R. Cr. Evid. Ann. 103(a), (d) (Supp. 1991). 
Point of error ten is overruled.

 In points of error eleven and twelve, appellants contend
that the trial court erred in exceeding the court's jurisdiction. 
Appellants summarize their points as follows:


 If the Trial Court determined Appellants to be guilty
through acceptance of their pleas of no contest, it
lacked the jurisdiction and authority to direct the Jury
to find them guilty, and the Jury lacked the jurisdiction
and authority to make such findings because of such prior
determination (Point of Error 11). On the other hand, if
the Trial Court did not determine Appellants to be guilty
through acceptance of their pleas of no contest, it
lacked the jurisdiction and authority to direct such
findings because, under a broad reading of Thornton [601
S.W.2d 340, 348 (Tex. Cr. App. 1980)] the State was
required to establish Appellants' guilt notwithstanding
their pleas of no contest, and, hence, the Judgments at
issue are void since based upon misdirected verdicts
(Point of Error 12). Either one or the other scenario
applies, and each scenario involves jurisdictional excess
and impairment of Appellants' substantial rights.


Appellants' arguments are without merit. Article 1.15 of the Code
of Criminal Procedure, which requires the State to introduce
evidence into the record showing the defendant's guilt, by its own
terms applies only to felony cases. Tex. Code Cr. P. Ann. art.
1.15 (1977). The rationale in Thornton is based on article 1.15. 
Appellants' pleas were sufficient to support their convictions
without reference to other evidence. Brown v. State (Tex. Cr. App.
1974). If the trial court erred, appellants have failed to
demonstrate how the jury's action harmed them since they had
already pleaded no contest. Tex. R. App. P. Ann. 81(b)(2) (Supp.
1991). Points of error eleven and twelve are overruled.

 In the alternative, in point of error eighteen appellants
contend that the trial court fundamentally erred in issuing the
court's charge on punishment relating to the definition of criminal
trespass and applying the law to the facts. Appellants failed to
preserve error in the trial court, and we conclude that point of
error eighteen is not fundamental, if it is error. The point of
error is overruled.

 In points of error thirteen and fourteen, appellants
contend that the trial court erred in overruling two objections to
this portion of the State's closing argument:


 MR. COLEMAN: Ya'll may have guessed already that
this isn't the first one of these trials that I have
prosecuted. I have, in fact, lost count of which number
this is. I confess to you, though, that for some reason
I am very nervous about this particular trial. I don't
know exactly why. I don't know if it is because of the
weather or the season or just because of ya'll, the
particular jury. But I am very nervous.


 I am concerned, really, because it is important to
me personally, and I think in my responsibility to
represent the State, that I have a certain amount of
credibility with each of ya'll. Certainly what I say is
not evidence.


 MR. DUVALL: I object, Your Honor. His credibility
is not an issue in this case and is outside the record.


 THE COURT: Overruled.


 . . .

 

 MR. COLEMAN: . . . .


 I submit to you this, that this is going to be the
only chance you have to perform this responsibility. 
After you step down out of the jury box, when you come
back with your verdict, you won't have anymore
opportunity, and chances are that one of these people
will be back out in front of another women's clinic.


 MR. DUVALL: I object, Your Honor. There is no
evidence to support that.


 THE COURT: Overruled.


 MR. COLEMAN: I suggest to you that if you give them
80 days, some of them may be back out there in 90 days,
and I suggest to you this, that whatever punishment you
issue, at least in the minds of these people, it is going
to let them know how much you hold or how important and
how dearly you hold the rights guaranteed by your United
States Constitution.


Appellants did not object to the final portion of the jury argument
quoted above.

 Appellants' objected only that the State's closing
argument impermissibly bolstered its credibility. Assuming the
State's argument was erroneous, we determine beyond a reasonable
doubt that the alleged error made no contribution to the conviction
to the extent it related to the State's credibility. Tex. R. App.
P. Ann. 81(b)(2) (Supp. 1991). Furthermore, appellants waived any
error concerning the statement, "these people will be back out in
front of another women's clinic," by failing to object to the
statement, "if you give them 80 days, some of them may be back out
there in 90 days." Tex R. Cr. Evid. Ann. 103 (Supp. 1990). Points
of error thirteen and fourteen are overruled.

 In point of error fifteen, appellants contend that the
informations against them are fundamentally erroneous because the
informations fail to describe the property where the criminal
trespass occurred with sufficient certainty for double jeopardy
purposes. See Tex. Const. Ann. art. I, § 14 (1984); Tex. Code Cr.
P. Ann. arts. 21.04, 21.09, 21.23 (1989). The informations
described the property as follows: "That in the County of Travis,
State of Texas, . . . [appellant] did then and there intentionally
and knowingly remain on property of [Ms.] Karen LaFayette, the
owner." Appellants admit that they neither objected to the
informations nor sought to have them quashed. Instead, appellants
claim that this alleged error may be raised for the first time on
appeal because it relates to double jeopardy. See Jones v. State,
586 S.W.2d 542, 544 (Tex. Cr. App. 1979). We disagree.

 Appellants waived their right to complain of the alleged
defect in the informations by failing to object prior to trial. 
Tex. Code Cr. P. Ann. art. 1.14(b) (Supp. 1991); Studer v. State,
799 S.W.2d 263 (Tex. Cr. App. 1990). Even if the point of error
had been preserved, appellants could not prevail because the State
adequately alleged in the informations the location of the property
where appellants trespassed. Reed v. State, 762 S.W.2d 640, 644-45
(Tex. App. 1988, pet. ref'd). Point of error fifteen is overruled.

 In point of error sixteen, appellants contend that the
trial court erred in allowing the State to introduce irrelevant,
unfair, and prejudicial evidence that Austin Rescue, the group with
which appellants are associated, had previously performed similar
demonstrations. See Tex. R. Cr. Evid. Ann. 401, 403 (Supp. 1990). 
The State argues that the evidence was admissible to show
appellants' motive, intent, absence of mistake, and common scheme
or plan. See Tex. R. Cr. Evid. Ann. 404(b) (Supp. 1990). We
agree.

 The test before the adoption of the rules was whether the
prosecution could show that the alleged acts were relevant to a
material issue in the case and that the probative value of the
evidence outweighed its prejudicial or inflammatory nature. See
Templin v. State, 711 S.W.2d 30, 33 (Tex. Cr. App. 1986). This
two-part evaluation is left to the trial judge, and absent a clear
abuse of discretion the decision will not be disturbed on appeal. 
Id. The standard for review of the admissibility of evidence under
rule 403 is still abuse of discretion. On the record before us, we
cannot say that the trial court erred in admitting evidence of
other acts to show appellants' motive, intent, absence of mistake,
and common scheme or plan. Point of error sixteen is overruled.

 In point of error seventeen, appellants contend that the
trial court erred in admitting a videotape into evidence because
the State failed to lay a proper predicate. Appellants admit that
they failed to object to the admission of the videotape at trial,
but argue that their failure to object did not operate to relieve
the trial court of its duty to safeguard appellants' right to a
fair proceeding. Appellants' argument is without merit. See Tex.
R. Cr. Evid. Ann. 103(a) (Supp. 1990). Point of error seventeen is
overruled.

 In points of error nineteen, twenty, and twenty-one,
appellant Hinojosa contends that the trial court erred in rendering
judgment against her because: (1) the verdict and judgment fail to
specify on which of two counts of the information she was adjudged
guilty: (a) remaining on the property after receiving notice to
depart (count one) and (b) entering the property without consent
(count two); (2) the evidence is insufficient to support a
conviction on count two; and (3) the charge is fundamentally
erroneous because it failed to instruct the jury that appellant
Hinojosa was charged in two counts and failed to instruct the jury
in the proper method of returning a verdict. These arguments are
without merit because appellant Hinojosa pleaded no contest to the
information.

 As a general rule a plea of guilty or no contest waives
all nonjurisdictional errors. Helms v. State, 484 S.W.2d 925, 927
(Tex. Cr. App. 1972). A defendant who raises a nonjurisdictional
defect or error by written pretrial motion may appeal
nonjurisdictional errors even though the defendant entered a no
contest or guilty plea. Tex. R. App. P. Ann. 41(b)(1) (Supp.
1991). This Court has held, however, that because rule 40(b)(1)
applies only to pleas entered pursuant to article 1.15 of the Code
of Criminal Procedure, its effect is limited to felony
prosecutions. Collins v. State, 795 S.W.2d 777, 778 (Tex. App.
1990, no pet.). The Helms rule, therefore, prevents appellant
Hinojosa from appealing all nonjurisdictional errors because she
entered a plea of no contest to a misdemeanor. Points of error
nineteen, twenty, and twenty-one are overruled.

 Finally, in point of error twenty-two, appellant Hinojosa
contends that the trial court erred in not giving her credit for
the time she served in the Travis County jail. Tex. Code Cr. P.
Ann. art. 42.03, § 2(a) (Supp. 1991). The State agrees, and we
sustain point of error twenty-two.

 The judgment of conviction for appellant Hinojosa is
modified to give her credit for the three days she has already
served, and the judgment of conviction for appellant Hinojosa is 

affirmed as modified. The judgment of conviction for appellant
Williams is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]


Modified and, as Modified, Affirmed as to Cause No. 3-90-063-CR;

 AND Affirmed as to Cause No. 3-90-064-CR


Filed: June 12, 1991


[Do Not Publish]
1. The holding in McMillan was based on constitutional rather
than statutory grounds. It is still the law that the statutory
admonishments of article 26.13 do not apply to misdemeanors. 
Tex. Code Cr. P. art. 26.13 (1989); see, e.g., McMillan, 703
S.W.2d at 343.
2. The trial court's comment concerning the videotape was as
follows:


 THE COURT: Normally when a video tape is
show [sic], I will come around to the jury
box, and stand there and watch it. But you
have to realize I have seen this tape a few
times. The fact that I am not coming back
there does not indicate that it is not
important. It is very important.


The trial court later made the following comment concerning the
photograph:


 THE COURT: Do you object if I tell the
jury what is so funny?

 MR. DUVALL: No. Go ahead.

 THE COURT: There is [sic] a million
exhibit stickers on that photograph because
it has been introduced into evidence so many
times, and it took him a while to figure out
what exhibit it was in this trial.