Manuel Gomez ALEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–96–00029–CR.

Court of Appeals of Texas, El Paso.

Oct. 16, 1997.

**593**

Sylvia A. Chavez, Midland, for Appellant.

Russell W. Malm, County Attorney, Midland, for State.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

*OPINION*

CHEW, Justice.

Appellant, Manuel Gomez Aleman, appeals his conviction for the offense of driving while intoxicated, subsequent. On October 26, 1995, Appellant attended a group arraignment, *pro se,* and entered a plea of guilty to the charge of driving while intoxicated, subsequent, and driving with license suspended.[1] The trial court assessed punishment at 60 days in the county jail for the DWI subsequent and 7 days for driving with license suspended, to be served concurrently. Appellant filed a Motion for New Trial and a hearing was held. The motion was denied. On appeal, Appellant raises four points of error alleging that the trial court erred in accepting his plea because, as a Spanish speaker only, he was not adequately informed of the range of punishment for the charges brought against him, did not understand the range of punishment, that the plea was involuntarily and knowingly entered in violation of the state and federal constitution and state law, and that because he speaks Spanish only, he did not voluntarily and knowingly waive his right to counsel.

The record establishes that Appellant does not read or write English. He does not speak English and understands very little spoken English. He is a native of Mexico with minimal formal education and attained legal residency through the Seasonal Agricultural Worker program.

The trial court took the Appellant's pleas during a "group arraignment" for seventy-five defendants. The court bailiff separated the English and Spanish-speaking defendants in the courtroom. It appears from the record that the trial court then explained in English the due process rights which the assembled defendants had. The trial court's commentary was translated to the separated group of Spanish-speaking defendants by a county prosecutor who was at least conversant in Spanish, and it is stipulated that the docket sheet entry stating that Appellant was explained his rights was initialed by that county prosecutor. It then appears that the county prosecutor discussed a plea bargain with the Appellant, and he testified that the prosecutor told him that the "Judge would recommend two months in jail" for the DWI. When Appellant was called to the bar, the prosecutor asked the trial court to wait for a qualified court interpreter to arrive in the courtroom.

When the court interpreter arrived in the courtroom, she was instructed to help the group of Spanish-speaking defendants complete a form in Spanish titled "Renuncia de los Derechos por Demandado Criminal sin Representacion."[2] It is disputed as to whether Appellant had his copy of this document in front of him as it was explained. The court interpreter did testify that at some point, she told the trial court that the document was not entirely clear, was poorly worded, and contained improper grammar. It also appears that it took the court interpreter forty-five minutes to an hour to help the five to six Spanish-speaking defendants to complete the form.

During this time, the Appellant told the court interpreter that he was dissatisfied with the recommendation for jail time and

---

1. Appeal of Appellant's conviction for driving with license suspended is a companion case, No. 08–96–00030–CR.

2. The English translation is "Waiver of the Rights of a Criminal Defendant without Representation."

that he could not afford an attorney. The court interpreter readily admits that she did not communicate the Appellant's comments to either the trial court or the county prosecutor because she believed that her only function was to translate the waiver of rights document to the Spanish-speaking defendants. Appellant's concerns over the plea bargain and his right to counsel were not otherwise communicated to the court.

When the Appellant actually entered his plea of guilty, the court interpreter had left the courtroom and the county prosecutor doubled as Appellant's interpreter. Appellant claims that he was unable to tell the trial court that he was not agreeable to accepting two months in jail because of his inability to speak English, and that he believed that his only option at the time was to plead guilty. He also believed that he could hire an attorney later to deal with the problem, but he could not then afford one.

■ TEX.CODE CRIM.PROC.ANN. art. 38.30(a)(Vernon Supp.1997) provides that in any criminal proceeding, when it is determined that a person charged or a witness does not understand and speak English, an interpreter must be sworn to interpret for him. The basis for this statutory right is founded in the constitutional guarantees of confrontation. Baltierra v. State, 586 S.W.2d 553, 556 (Tex.Crim.App.1979). An explicit aspect of the confrontation clause of the Texas Constitution is the "right to be heard." Article I, Section 10. Another basic tenet of our criminal jurisprudence is that a guilty plea must be freely, knowingly, and voluntarily entered. Ex parte Evans, 690 S.W.2d 274, 276 (Tex.Crim.App.1985). When it is determined from the totality of the circumstances that a defendant's plea was involuntary, the reviewing court has no alternative but to reverse. Id.

It is undisputed that Appellant does not speak or understand English. Appellant's claim that neither the county prosecutor nor the county interpreter translated his objections to the "recommended" punishment for his plea of guilty to the trial court is largely undisputed by the State and we find ample corroboration in the record. The record reflects that though a qualified court interpreter was available, her role was limited to merely helping the Spanish-speaking defendants fill out plea papers. It also appears that county prosecutor negotiated plea bargains with the Spanish-speaking defendants concomitantly with a translation of their due process rights explained by the trial court. When the Appellant entered his plea, the same county prosecutor doubled as Appellant's interpreter.

■ Though aware of the constitutional and statutory requirements for the provision of an interpreter, the expediency reflected in this record is a denial of those rights. We think it evident that the role of an interpreter is not merely to translate and explain the proceeding to a non-English speaking defendant, but to also provide that defendant a voice which can be heard and understood during a criminal proceeding. The denial of the opportunity to be heard rendered Appellant's plea of guilty involuntary and in violation of his constitutional and statutory protections.

We reverse the judgment of the trial court and remand for a new trial.