**Affirmed and Memorandum Opinion filed October 13, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00910-CR

---

### EX PARTE ERIK MONTES DE OCA-OROZCO, Appellant

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1249272-A**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from the denial of a post-conviction application for writ of habeas corpus. Appellant, Erik Montes de Oca-Orozco, argues that his conviction should be set aside because he did not knowingly, intelligently, and voluntarily plead guilty to assault–bodily injury. In two issues appellant argues the trial court abused its discretion in denying habeas relief because (1) appellant was denied the assistance of a certified interpreter at the time of his plea, and (2) by failing to request a certified interpreter, appellant's counsel rendered ineffective assistance.

Finding no abuse of discretion, we affirm the trial court's order denying habeas relief.

## I. BACKGROUND

In 2010, appellant was charged with assault of a public servant. In exchange for a reduction in the charge and his sentence, on February 23, 2010, appellant entered a plea of guilty to assault–bodily injury. Appellant received the panoply of admonishments required by article 26.13 of the Code of Criminal Procedure and placed his initials next to each applicable admonishment, including a paragraph, which reads as follows:

> I read and write/understand the Spanish language; the foregoing Admonishments, Statements, and Waivers as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, were read by me or were read to me and explained to me in that language by my attorney and/or an interpreter, namely Eduardo P. Sillas before I signed them, and I consulted fully with my attorney before entering this plea[.]

Appellant, his attorney, and the trial court signed the admonishments. On the same day the trial court sentenced appellant, pursuant to the plea bargain agreement, to 50 days in the Harris County Jail, giving appellant credit for time served.

On June 25, 2014, appellant filed an application for writ of habeas corpus seeking relief from the final misdemeanor conviction. In his application, appellant argued his guilty plea was not voluntarily made because he did not understand the English language, his attorney did not speak Spanish, and no interpreter was provided to him at the time of the plea. Appellant further argued that he received ineffective assistance of counsel because his trial counsel failed to request an interpreter.

The trial court held a hearing on appellant's application for writ of habeas

2

corpus at which Sillas, appellant, and appellant's mother testified. Sillas testified that he was retained to represent appellant in January 2010 and was aware that appellant had an immigration/ICE detainer at the time. Sillas spoke in Spanish at all times when communicating with appellant.

Prior to the hearing, Sillas signed and filed an "affidavit of facts," in which he stated that he represented appellant when he pleaded guilty to the Class A misdemeanor offense of assault–bodily injury. Sillas was aware that appellant was not a United States citizen and advised him that he "believed there would be an immigration proceeding in his future," and that his plea "might have an effect in the immigration proceeding." Sillas believed an interpreter was available to help appellant during the plea hearing. No record was made of appellant's plea hearing.

At the habeas hearing, Sillas testified he could not remember the name of the interpreter, but remembered there was an interpreter at the time appellant entered his guilty plea. For the purpose of the admonishments, Sillas, whose first language is Spanish, acted as interpreter, but did not participate in the translation during the plea. Both Sillas and the trial court advised appellant of the immigration consequences of his plea.

Appellant testified that his attorney explained that he would receive a 50-day sentence in exchange for a guilty plea and that the plea would have no negative effect on his immigration status. Appellant testified that the plea information was explained to his mother. When appellant spoke with Sillas they spoke in Spanish. Contrary to Sillas' testimony, appellant testified he signed off on the plea because Sillas represented there would be no negative immigration consequences. Appellant testified that despite having initialed and signed the plea papers he did not understand the immigration consequences of his plea. The trial judge asked appellant whether he understood her questions at the time of his guilty plea, or

3

whether someone interpreted her questions from English to Spanish. Appellant responded that he did not remember.

After closing arguments, the trial court made the following findings on the record:

- Based on the credible testimony of Sillas, an interpreter was present, and "it would be highly unusual for this Court to take a plea for any defendant in Spanish where an interpreter was not present."

- Based on the trial court's recollection of how the court normally handles guilty pleas and Sillas' testimony that there was an interpreter, in addition to "the incredible testimony" of appellant, there was an interpreter present at the time of appellant's guilty plea.

- Sillas did not render ineffective assistance and appellant's plea was freely and voluntarily made.

Following the hearing, the trial court signed an order denying appellant's application for writ of habeas corpus. In two issues on appeal appellant contends (1) his plea was involuntary because he was denied the assistance of a sworn, certified interpreter at the time of his plea; and (2) his counsel rendered ineffective assistance because he failed to request an interpreter at the plea hearing.

## II. STANDARD OF REVIEW

An applicant seeking habeas corpus relief based on an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The trial court sits as the finder of fact in a habeas proceeding brought under article 11.09 of the Texas Code of Criminal Procedure. In such cases, the court is the sole judge of credibility and demeanor, and we may not disturb its ruling absent a clear abuse of discretion. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other*

4

*grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We defer to the trial court's findings of fact that are supported by the record, even when no witnesses testify and all of the evidence is submitted through affidavits. *See Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006); *Ex parte Martinez*, 451 S.W.3d 852, 856 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). We also infer all implied findings of fact that are necessary to support the trial court's ruling. *See Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010).

## III. ANALYSIS

### A. Guilty Plea

In his first issue, appellant contends his guilty plea was rendered involuntary because he was denied the assistance of a sworn, certified interpreter at the time of his plea. The State argues that appellant waived his argument that he is entitled to habeas relief on the grounds that his attorney and the trial court failed to ensure that a sworn, certified interpreter was present during his plea because appellant failed to raise this legal ground in his habeas application or at the hearing. In his application for writ of habeas corpus and at the habeas hearing appellant alleged that he was denied the presence of an interpreter. To the extent appellant attempts to argue on appeal that he had an interpreter, but that interpreter was not sworn or certified we agree with the State that appellant waived error. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (A defendant's appellate contention must comport with the specific objection made at trial); *see also Rothstein v. State*, 267 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). We will address appellant's issue that he was denied the assistance of an interpreter at the time he pleaded guilty.

If a defendant cannot hear or does not speak English well enough to

5

understand the plea proceedings or communicate with counsel, fundamental fairness and due process of law require that an interpreter be provided to translate between English and the accused's own language. *Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009). The right to an interpreter is among a defendant's constitutional rights and is a matter of due process. *Id.* The Code of Criminal Procedure requires that "[w]hen a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness." Tex. Code Crim. Proc. Ann. art. 38.30(a) (West Supp. 2014). Moreover, the trial court has an affirmative obligation to appoint a translator when it is aware that a defendant has a problem understanding the English language. *Garcia v. State*, 149 S.W.3d 135, 145 (Tex. Crim. App. 2004). Thus, absent a knowing and voluntary waiver made on the record, "the judge has an independent duty to implement this right," regardless of whether the matter is raised by the parties. *Id*. A failure to do so results not only in a statutory violation but can render a defendant's plea constitutionally involuntary, *Aleman v. State*, 957 S.W.2d 592, 594 (Tex. App.—El Paso 1997, no pet.), or violate his right to confront the witnesses against him. *Garcia*, 149 S.W.3d at 145.

In *Aleman*, the defendant, who spoke only Spanish, pleaded guilty at a group arraignment to the charge of driving while intoxicated. 957 S.W.2d at 593. He was convicted and later moved for a new trial on the grounds that the absence of an interpreter rendered his plea involuntary. *Id*. The trial court denied his motion for new trial, but the El Paso court reversed. *Id*. at 594.

The *Aleman* court pointed out that while there was some provision for Spanish–English interpretation at the group proceeding when the appellant entered

his plea, such translation facilities were inadequate. *Id*. Although a court interpreter had been present, her sole task was to assist the group of Spanish–speaking defendants in completing a form entitled "Renuncia de los Derechos por Demandado Criminal sin Representation," which in English translates as "Waiver of the Rights of a Criminal Defendant without Representation." *Id*. at 593 & n.2. The defendant told the interpreter that he could not afford an attorney but was dissatisfied with the jail time recommendation contained in the plea agreement. *Id*. at 593–94. The interpreter, however, made no effort to communicate the defendant's position to the trial court, and these concerns did not otherwise reach the court's attention. *Id*. at 594.

When the *Aleman* defendant entered his plea of guilty, the court interpreter was no longer present and the county prosecutor doubled as translator. *Id*. The prosecutor was negotiating plea bargains with appellant and the other Spanish-speaking defendants as he was translating the court's explanation of their due process rights. *Id*. Given the failure of the prosecutor or court interpreter to relay the defendant's concerns about his plea to the trial court, the court of appeals ruled that his plea had been involuntary. *Id*. The *Aleman* court recognized that adhering to the requirements of the Code of Criminal Procedure with respect to translation services would have averted the violation of the defendant's constitutional rights. *Id*.

Appellant argues that like the defendant in *Aleman*, he was deprived of the assistance of an interpreter at his guilty plea hearing. The record reflects, however, that appellant received the services of an interpreter at his plea hearing. The trial court found Sillas' testimony credible, that Sillas reviewed the plea papers with appellant in Spanish, and that an interpreter was present at the time appellant entered his plea. The record further reflects that appellant understood when he

entered his plea that the felony offense would be reduced to a misdemeanor charge, which permitted his immediate release from jail with a sentence of time served. The trial court, as the sole trier of fact, rejected appellant's argument that an interpreter was not present. This case is distinguishable from *Aleman* in that the record reflects that appellant had an interpreter and there is no evidence that appellant's wishes were not communicated to the trial court. Under these circumstances, we cannot say appellant's guilty plea was rendered involuntary due to the lack of an interpreter or that the trial court abused its discretion in denying habeas relief. We overrule appellant's first issue.

## B. Ineffective-Assistance of Counsel Argument

In his second issue appellant contends that trial counsel's failure to request an interpreter constitutes prejudicial error. Appellant argues that he received ineffective assistance of counsel in that his trial counsel failed to request an interpreter at the plea hearing. Appellant argues that trial counsel's deficient performance deprived him of his right to confront witnesses against him, to understand the nature and substance of proceedings, and to assist in his defense.

We examine claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, appellant must prove that his trial counsel's representation was deficient, and that the deficient performance was so serious that it deprived him of a fair trial. *Id*. at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id*. at 688. This deficiency will only deprive appellant of a fair trial when counsel's performance prejudices appellant's defense. *Id*. at 691–92. To demonstrate prejudice, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. Failure to make the required showing of either deficient

performance or sufficient prejudice defeats the claim of ineffectiveness. *Id*. at 697. This test is applied to claims arising under both the United States and Texas Constitutions. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

In determining whether appellant has established that his counsel was ineffective, we apply the procedural law applicable to writs of habeas corpus. *See Ex parte Cockrell*, 424 S.W.3d 543, 545–46 (Tex. Crim. App. 2014). We defer to the habeas court's fact findings that are supported by the record. *See Ex parte Flores*, 387 S.W.3d 626, 634–35 (Tex. Crim. App. 2012); *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008).

In this case, there is no evidence that trial counsel failed to request an interpreter. In fact, the habeas court found that Sillas' testimony that an interpreter was present was credible, and that the trial court as a matter of practice employs an interpreter any time a defendant does not speak English as the defendant's first language. Based on the habeas court record, we conclude that appellant failed to demonstrate his counsel rendered ineffective assistance. We overrule appellant's second issue.

We affirm the trial court's judgment.


/s/     Tracy Christopher
        Justice


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).