

# NUMBER 13-19-00253-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                                 Appellant,

v.

VICTOR TORRES,                                                                        Appellee.

## On appeal from County Court at Law No. 1
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Hinojosa, Perkes, and Tijerina
### Memorandum Opinion by Justice Perkes

The State of Texas appeals from the trial court's order granting appellee Victor Torres habeas relief on his claim that his 2016 plea of "no contest" to a charge of assault involving family violence was made involuntarily and unknowingly because he did not appreciate the negative immigration consequences of his plea. The State contends that

the trial court abused its discretion because its ruling is not supported by the record. We reverse and render.

## I.  BACKGROUND

On August 2, 2016, Torres appeared with his appointed counsel and entered a plea of "no contest" to a charge of assault involving family violence, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01(a)(1). Torres, a Spanish-speaker who was provided a court-appointed interpreter, was then admonished by the trial court as follows:

THE COURT:     All right. Are you an American citizen?

MR. TORRES:     No.

THE COURT:     You understand that upon entering a plea in this case your status in the United States will be affected. You will be deported. You will be excluded from coming back to this country and denied your right to have citizenship if you ever apply for one. Do you understand that?

MR. TORRES:     Yes.

THE COURT:     Knowing this, do you still want to proceed?

MR. TORRES:     Yes.

THE COURT:     And I am going to find you competent and I will accept the plea documents and also approve the recommendation of the State, 80 days in jail, credit for 50 and waive all costs.

On April 30, 2019, Torres filed an "Application for Writ of Habeas Corpus and Motion to Vacate Plea," contending that his plea was not made voluntarily and knowingly because (1) his counsel was ineffective in failing to advise him of the negative immigration consequences of his plea, and (2) the trial court failed to properly admonish him in the

same regard. The entirety of his supporting affidavit is set out below:

> "I am presently detained at the Core Civic Webb County Detention Center in Laredo, Texas under U.S. Department of Homeland Security-I.C.E. custody.
>
> I was detained by ICE on April 8, 2019[,] while entering the United States at the Laredo Port of Entry as a lawful permanent resident alien (LPR) as a result of my August 2, 2016 conviction in County Court at Law #1 of Hidalgo County, Texas.
>
> I was represented by attorney Lauro B. Trejo III[,] who was court-appointed on February 25, 2016[,] to represent me. Mr. Trejo never called me in for a consultation regarding the evidence of the case or my version of what had happened. I did not appear in court on May 17, 2016[,] because I forgot and was working[,] but Mr. Trejo never called me to remind me of that court hearing. As a result of that, I was arrested on June 23, 2016. I remained in jail until August 2, 2016[,] when I was taken to court. While there in court, Attorney Trejo told me to plead no-contest (nolo contendere), that it was like pleading not guilty and I would get credit for time served and be released. Mr. Trejo never asked me if I was a U.S. citizen nor if I was a legal resident. I wanted to fight my case in court because I did not feel I was guilty. I am presently in deportation proceedings."

The trial court held a hearing on September 30, 2019. Torres, who remained in federal custody, was not present, and neither party offered any evidence during the hearing. The trial judge began by taking issue with Torres's allegation that he did not properly admonish him during the plea hearing. After Torres's counsel acknowledged that he did not obtain the reporter's record from the proceeding, the court read the pertinent portion of the transcript into the record and asked, "Now, if your statement to the Court is that even though he was admonished he did not clearly understand, well, that is a different story[?]" Torres's counsel responded, "Yes. Exactly."

After the parties made their presentations, the trial court stated, "I am not going to make a determination that there was a clear ineffective assistance of counsel because I do not think so. But there is a possibility that maybe [Torres's] understanding was

3

shortcoming with respect to the consequences." The court went on to caution Torres's counsel to "do the research before you put something in writing . . . because the argument [should have been] that even if he was admonished[,] he did not understand—I could probably agree to that." The trial judge then announced that he was granting the application, and this appeal ensued.

## II.    STANDARD OF REVIEW

A trial court's decision to grant or deny post-conviction habeas relief is reviewed for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam)). In a proceeding under article 11.09 of the Texas Code of Criminal Procedure, the trial judge is the sole fact finder; thus, "we afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor." *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016) (citing *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013)); *Ex Parte Martinez*, 451 S.W.3d 852, 856 (Tex. App.—Houston 2014, pet. ref'd). Moreover, "a reviewing court will defer to the factual findings of the trial judge even when the evidence is submitted by affidavit." *Ex parte Thompson*, 153 S.W.3d 416, 425 (Tex. Crim. App. 2005) (citing *Manzi v. State*, 88 S.W.3d 240, 242–44 (Tex. Crim. App. 2002)). Finally, we review the evidence presented in the light most favorable to the trial court's ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 326 (Tex. Crim. App. 2006).

## III.    APPLICABLE LAW

Due process requires that a guilty plea must be entered knowingly, intelligently, and voluntarily. *Kniatt*, 206 S.W.3d at 664 (citing *Boykin v. Alabama*, 395 U.S. 238, 243

(1969)). A guilty plea is not made knowingly, intelligently, and voluntarily if defendant's counsel fails to adequately advise him regarding the presumptively mandatory deportation consequences of his plea. *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010) (explaining that because the offenses to which appellant pleaded guilty were automatically deportable offenses, counsel "had a duty to stress that pleading guilty to those crimes and receiving deferred adjudication would absolutely result in appellant's imminent removal from the United States"); *Ex parte Torres*, 483 S.W.3d at 43 ("In *Padilla v. Kentucky*, the Supreme Court expanded the scope of the Sixth Amendment to hold that it requires an attorney for a non-citizen criminal defendant to provide advice about the risk of deportation arising from a guilty plea."). Even if counsel's performance was constitutionally deficient, the defendant must also demonstrate by a preponderance of the evidence that "but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Ex parte Torres*, 483 S.W.3d at 43 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## IV. ANALYSIS

Torres states in his affidavit that his trial counsel "never asked me if I was a U.S. citizen nor if I was a legal resident," implying that counsel failed to adequately advise him of the negative immigration consequences of his plea. However, the trial court specifically found on the record that Torres did not prove his claim of ineffective assistance of counsel, and Torres has not challenged this finding on appeal.[1]

Instead, despite its clear admonishment that "You will be deported" and Torres's response that "Yes" he understood and "Yes" he wanted to proceed with the plea

---

[1] Torres elected not to file a responsive brief. *See* TEX. R. APP. P. 38.2.

5

anyways, the trial court found that "there is a possibility that maybe [Torres's] understanding was shortcoming with respect to the consequences." Assuming Torres could prevail on this basis after the trial court denied his ineffective assistance claim, there is no evidence in the record to support the trial court's finding. *See Ex parte Torres*, 483 S.W.3d at 43 (explaining that "we afford almost total deference to a trial court's factual findings *when they are supported by the record*" (emphasis added) (citing *Guerrero*, 400 S.W.3d at 583)). Indeed, Torres's affidavit fails to acknowledge the trial court's admonishments and explain why they fell short or how, contrary to his express representations at the time, Torres failed to appreciate the negative immigration consequences of his plea. For example, Torres did not allege that the interpreter failed to accurately translate the court's admonishments. *See Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 88–92 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (finding habeas claim was not frivolous on its face where court failed to appoint an interpreter for Spanish-speaking defendant and defendant's friend did not provide a full and accurate translation of the proceeding); *Aleman v. State*, 957 S.W.2d 592, 593–94 (Tex. App.—El Paso 1997, no pet.) (finding guilty plea involuntary where translation services were deficient). In other words, without a countervailing explanation, there was no basis for the trial court to make a credibility determination that Torres did not appreciate the consequences of his plea. *See Ex parte Torres*, 483 S.W.3d at 42 (explaining that reviewing courts should give almost total deference to a trial court's credibility determinations (citing *Guerrero*, 400 S.W.3d at 583)). We also note that Torres's writ counsel did not represent Torres at the plea hearing and had no personal knowledge of the circumstances of the plea; therefore, any representations he made during the writ hearing were not part of the evidentiary

6

record and could not serve as the basis for the trial court's ruling. *See Gonzales v. State*, 435 S.W.3d 801, 811 (Tex. Crim. App. 2014) ("We have held that statements of an attorney on the record may be considered evidence only if the attorney 'is speaking from first-hand knowledge.'" (quoting *Guerrero*, 400 S.W.3d at 585)).

In short, the trial court's ruling was based on unfounded speculation. Accordingly, we conclude the trial court abused its discretion in granting Torres's application. We sustain the State's sole issue.

## V.    CONCLUSION

We reverse and render a judgment denying Torres's application for habeas relief.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of August, 2020.