**Kurt Wayne TATUM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–86–00889–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 1993.

Michael B. Charlton, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION ON REMAND

J. CURTISS BROWN, Chief Justice.

The appellant was convicted of involuntary manslaughter and assessed an eight year probated sentence, and a fine of $5,000. In an unpublished opinion, this court affirmed the judgment of conviction. On the appellant's petition for discretionary review, the court of criminal appeals reversed and remanded this cause for further consideration of the seventh point of error. *Tatum v. State*, 798 S.W.2d 569 (Tex.Crim.App.1990). We affirmed the conviction a second time. *Tatum v. State*, 821 S.W.2d 238 (Tex.App.— Houston [14th Dist.] 1991). The court of criminal appeals vacated our second judgment and remanded to this court for a third opinion. *Tatum v. State*, 846 S.W.2d 324 (Tex.Crim.App.1993).

The appellant's seventh point of error asserts that the trial court erred in admitting proof of a prior conviction for driving while intoxicated during the punishment phase of trial. He argues that the prior conviction is void because he was not admonished on the range of punishment before he entered a plea of guilty. He relies on *McMillan v. State*, 703 S.W.2d 341 (Tex.App.—Dallas 1985), *rev'd*, 727 S.W.2d 582 (Tex.Crim.App.1987).

In *McMillan*, the Dallas court of appeals held that, although not required by TEX.CODE CRIM.PROC.ANN. art. 26.13, due process requires that a defendant charged with a misdemeanor offense be informed of the maximum term of imprisonment before entering a guilty plea. *McMillan v. State*, 703 S.W.2d at 344. Finding no admonishment in the record, the court of appeals reversed the judgment of the trial court. *Id.* at 345. The court of criminal appeals found that an admonishment had been given, and reversed the court of appeals' decision. *McMillan*, 727 S.W.2d at 584. The court of criminal appeals did not address whether federal due process requires that misdemeanor defendants receive admonishments on the punishment range from the trial court. *Id.* It did, however, disavow language in the court of appeals' decision which seems to support such a requirement.[1]

---

1. The court of appeals held that a defendant does not have to receive admonishments from the trial court, provided that he is informed of the range of punishment on the record. However, the opinion contains language which seems to require judicial admonishments. *See McMillan v. State*, 703 S.W.2d 341 at 344 ("Accordingly, we hold that due process requirements are applica-

Relying on the court of appeals' decision in *McMillan*, the appellant in the present case made an offer of proof stating that if he were to testify, he would testify that he was not admonished by the trial judge before pleading guilty to the prior offense. The appellant's counsel also made an offer of proof stating that in his experience, none of the judges of the Harris County Criminal Courts at Law admonish defendants on the range of punishment before they enter their pleas. The *McMillan* case, however, does not require the trial court to give the admonishments. *McMillan v. State*, 703 S.W.2d at 345. It requires that the record affirmatively show that the defendant was *aware* of the maximum range of punishment. *Id.* While the appellant offered evidence showing that the trial court did not admonish him on the range of punishment, there was no evidence that he was otherwise unaware of the maximum range of punishment.

■ Unlike *McMillan*, which was a direct appeal, the present case involves a collateral attack on a prior conviction. It was the appellant's burden to show that he was unaware of the maximum range of punishment. *See Acosta v. State*, 650 S.W.2d 827, 828–829 (Tex.Crim.App.1983). As stated in our first opinion, the appellant simply failed to offer evidence that he was not informed of the range of punishment. *See Tatum v. State*, No. A14–86–00889–CR, 1988 WL 46369 (Tex. App.—Houston [14th Dist.] 1988), *rev'd*, 798 S.W.2d 569 (Tex.Crim.App.1990). Accordingly, this court held in its first opinion that the trial court properly considered the prior conviction valid. 1988 WL 46369 at * 5.

Now, in the court of criminal appeals' second opinion, it acknowledges that our first opinion was correct "at least as a factual matter." *Tatum v. State*, 846 S.W.2d 324, 328 n. 5 (Tex.Crim.App.1993). The court of criminal appeals states that if this court meant the appellant failed to establish that he did not *know* the maximum range of punishment, when our opinion said that he failed to prove he was not *informed* of the

range of punishment, then our first opinion was correct. *Id.* The distinction in vocabulary apparently would have significance in a case in which a defendant was *informed* of the range of punishment, i.e. received information, yet failed to understand, or *know* the range of punishment.

■ The court of criminal appeals then suggested, without deciding, that federal due process may require judicial admonishments on the range of punishment in misdemeanor cases. *See Tatum v. State*, 846 S.W.2d 324, 328 n. 5 (Tex.Crim.App.1993). It stated that this issue should be decided by this court, in our third opinion, if necessary. We hold that federal due process does not require trial courts to admonish misdemeanor defendants on the range of punishment before accepting guilty pleas. *See Quiroz v. Wawrzaszek*, 749 F.2d 1375 (9th Cir.1984), *cert. denied*, 471 U.S. 1055, 105 S.Ct. 2119, 85 L.Ed.2d 483 (1985) (due process requires that the defendant know the range of punishment; requirement of a judicial admonishment is prophylactic); *Jones v. Parke*, 734 F.2d 1142, 1148 (6th Cir.1984) (it is advisable for trial judge to inquire whether the defendant understands the consequences of his plea on the record); *Nelson v. Callahan*, 721 F.2d 397, 400 (1st Cir.1983) (where defendant was not advised by the trial court or his attorney on the range of punishment, issue becomes whether defendant was aware of the sentencing possibilities, and if not, whether accurate information would have affected his decision to plead guilty); *Accord Rouse v. Foster*, 672 F.2d 649, 651 (8th Cir.1982); *Hunter v. Fogg*, 616 F.2d 55, 58 (2d Cir.1980); *See also Berry v. Mintzes*, 726 F.2d 1142, 1149 (6th Cir.), *cert. denied*, 467 U.S. 1245, 104 S.Ct. 3520, 82 L.Ed.2d 828 (1984) (although not admonished by the trial court, the record supported the conclusion that the defendant was aware of the sentencing possibilities); *Franklin v. United States*, 589 F.2d 192, 194 (5th Cir.), *cert. denied*, 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1979) (trial court need not admonish defendant, but must insure that he is aware of the consequences of his guilty

ble, and that a guilty plea to a misdemeanor is not voluntary if the defendant is not admonished as to the range of punishment.") ("Similarly, we hold that any distinction between felonies and

non-felonies which result in imprisonment, is irrational and irrelevant for purposes of determining whether a guilty plea is 'voluntarily made' ").

plea); *Johnson v. United States,* 542 F.2d 941, 942 (5th Cir.1976), *cert. denied,* 430 U.S. 934, 97 S.Ct. 1559, 51 L.Ed.2d 780 (1977) (plea not involuntary where the defendant's attorney advised him on the range of punishment).

 These cases all support the proposition that a defendant must be aware of the range of punishment he might receive after pleading guilty. They do not require judicial admonishments. The appellant failed to prove that he was unaware of the range of punishment before entering his guilty plea. Accordingly, we overrule the seventh point of error, and affirm the conviction.