TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00705-CR

Robert Alvelais, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY

NO. 538957, HONORABLE BRENDA J. KENNEDY, JUDGE PRESIDING

Appellant Robert Alvelais pleaded no contest to an information accusing him of
criminal trespass. The court adjudged him guilty and assessed punishment at incarceration for 130
days. See Tex. Penal Code Ann. § 30.05 (West Supp. 2000). Appellant did not request a
reporter's record and failed to appear at a hearing to determine if he is presently indigent. 
Accordingly, the appeal was submitted for decision without the record. See Tex. R. App. P.
37.3(c). 

Appellant first complains that the trial court did not properly admonish him
regarding the range of punishment as required by article 26.13. See Tex. Code Crim. Proc. Ann.
art. 26.13(a)(1) (West Supp. 2000). Appellant's reliance on this statute is misplaced, since it does
not apply to misdemeanors. See Empy v. State, 571 S.W.2d 526, 529-30 (Tex. Crim. App.
1978). There is no due process requirement that a misdemeanor defendant be admonished by the
trial court as to the range of punishment. See Tatum v. State, 861 S.W.2d 27, 29 (Tex.
App.--Houston [14th Dist.] 1993, pet. ref'd). There is no showing that appellant was not aware
of the consequences of his plea. Point of error one is overruled.

Appellant's second point urges that the judgment is ambiguous as to whether he was
convicted or acquitted. In fact, there is no ambiguity in the judgment. It clearly and
unambiguously states that the court adjudged him guilty. The ambiguity on which appellant relies
appears in the court's docket sheet, on which the judge checked a box indicating a finding of not
guilty but then noted that punishment was assessed at 130 days incarceration.

A docket sheet is a memorandum made for the court's and clerk's benefit. See
First Nat'l Bank v. Birnbaum, 826 S.W.2d 189, 191 (Tex. App.--Austin 1992, no writ) (op. on
reh'g). A docket sheet lacks the formality of an order or judgment, is considered inherently
unreliable, and generally forms no part of the record that an appellate court will consider. See
id. A docket sheet cannot be used to contradict or prevail over a final judicial order. See N-S-W
Corp. v. Snell, 561 S.W.2d 798, 799 (Tex. 1977). A trial court's final judgment is presumed to
be correct in the absence of contrary evidence. See Breazeale v. State, 683 S.W.2d 446, 450
(Tex. Crim. App. 1985) (op. on reh'g). Finding no ambiguity in the court's judgment, and
unpersuaded by appellant's argument that the judgment should be set aside because of an
ambiguity in the docket sheet, we overrule point of error two.

The judgment of conviction is affirmed.

 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: May 4, 2000

Do Not Publish