**Toby Barrow JONES, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–99–067–CR.**

Court of Appeals of Texas, Fort Worth.

July 6, 2000.

Hardy Burke, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Yolanda M. Joosten, Paige McCormick, Rick Daniel, Asst. Dist. Attys., Denton, and Matthew Paul, State Pros. Atty., Austin, for Appellee.

PANEL F: CAYCE, C.J.; RICHARDS and HOLMAN, JJ.

## OPINION

DAVID L. RICHARDS, Justice.

Toby Barrow Jones appeals his conviction for felony driving while intoxicated. Appellant entered an open plea of guilty to the offense after the trial court denied his pretrial motions to dismiss the enhancement paragraphs in the indictment and his motion to suppress evidence. In three points on appeal, he complains of the trial court's ruling on one of his pretrial motions to dismiss the enhancement paragraphs.[1] We affirm.

Appellant was charged by indictment with committing felony DWI on August 3, 1997. The indictment further alleged appellant had been twice previously convicted of DWI on July 18, 1989, in the County Court of Cooke County, Texas, in cause number 34119, and on January 10, 1995, in the County Court of Jack County, Texas, in cause number 8179.

In appellant's motion to dismiss enhancement paragraphs, he requested the trial court dismiss the enhancement paragraph alleging his prior conviction in cause number 34119. He contended his plea of guilty in that cause was rendered involuntary and the conviction was void because the record is silent as to whether he was advised of the range of punishment for DWI before entering his plea. After a hearing, the trial court denied the motion.

Appellant argues his three points on appeal together. He contends the trial court abused its discretion by denying the motion to dismiss the enhancement paragraph because he showed by a preponderance of the evidence that he was unaware of the maximum range of punishment when he entered his plea in cause number 34119. Appellant urges that the failure to inform him of the range of punishment or the maximum punishment he could receive for DWI before he entered his guilty plea violated due process under the state and federal constitutions.[2] See U.S. CONST. amends. V, XIV; TEX. CONST. art. 1, § 19.

It has been held in Tatum v. State, 861 S.W.2d 27, 29 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd), that constitutional due process does not require trial courts to admonish misdemeanor defendants on the range of punishment attached to an offense before accepting guilty pleas.[3] Assuming Tatum is considered as prevailing law, all that is required to satisfy due process is that the defendant be aware of the maximum range of punishment or term of imprisonment to which he is subject before entering a guilty plea. See id.; see also McMillan v. State, 703 S.W.2d 341, 344 (Tex.App.—Dallas 1985), rev'd on other grounds, 727 S.W.2d 582, 584 (Tex.Crim.App.1987).

Appellant acknowledges that because this case involves a collateral attack on his prior conviction, he carried the burden of proof at the hearing. See Tatum, 861 S.W.2d at 29. As such, it was

---

1. Under the Helms rule, a knowing and voluntary plea of guilty entered without the benefit of a plea bargain waives all nonjurisdictional defects occurring before the plea only if the judgment is independent of and not supported by the alleged error on appeal. See Young v. State, 8 S.W.3d 656, 666–67 (Tex. Crim.App.2000); Helms v. State, 484 S.W.2d 925, 927 (Tex.Crim.App.1972). Because the judgment of appellant's guilt is dependent upon the alleged error in this instance, we address his complaints.

2. Because appellant provides no argument or analysis on how the state constitution pro-

vides more or less protection than its federal counterpart, we will assume for purposes of this opinion that appellant's rights under the state constitution are the same as those secured by the federal constitution. See Muniz v. State, 851 S.W.2d 238, 251–52 (Tex.Crim. App.), cert. denied, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993).

3. Nor does statutory law require trial courts to admonish misdemeanor defendants on the range of punishment attached to an offense. See Johnson v. State, 614 S.W.2d 116, 120 n. 1 (Tex.Crim.App. [Panel Op.] 1981) (op. on reh'g).

necessary for appellant to prove by a preponderance of the evidence that he was unaware of the maximum range of punishment or sentence to which he was subject when he entered his plea in the 1989 case.

 Toward this end, appellant introduced the trial court's file in cause number 34119, exhibit one, and the affidavit of the attorney who represented him in the case, exhibit two. The exhibits were admitted into evidence without objection from the State. The contents of the trial court's file show that appellant pled guilty to DWI and that the trial court assessed his punishment at 90 days' confinement, probated for two years, and a $500 fine. The contents of the file do not reflect that appellant was admonished on the range of punishment for the offense of DWI. Additionally, the attorney's affidavit, executed on January 6, 1999, states that neither he nor the trial court advised appellant of the range of punishment for the offense of DWI.

Appellant also testified at the hearing. He denied that the court or his attorney ever informed him of the range of punishment for DWI during the 1989 plea proceedings. However, on cross-examination, appellant admitted that he really didn't remember that case or recall what "they" did. Moreover, he conceded that he pled guilty in exchange for the prosecution's recommendation of a 90–day sentence and that he knew "90 days was the most that [he] could get" if his probation was revoked.

Therefore, appellant pled guilty when he was not exposed to any range of punishment in excess of the plea agreement and he clearly knew the maximum term of imprisonment to which he was exposed. *See Tatum,* 861 S.W.2d at 29; *Ex parte Davis,* 748 S.W.2d 555, 559 (Tex.App.—Houston [1 st Dist.] 1988, pet. ref'd). Under these circumstances, there was no abuse of discretion on the part of the trial court in denying appellant's motion to dismiss the enhancement paragraph. Appellant's points are overruled.

We affirm the trial court's judgment.