**Affirmed and Opinion filed November 13, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00253-CR

## EX PARTE MARIA A. MARTINEZ

**On Appeal from the County Criminal Court at Law No. 11
Harris County, Texas
Trial Court Cause No. 1943720**

## OPINION

This is an appeal from the denial of a post-conviction application for writ of habeas corpus. Appellant, Maria A. Martinez, argues that her conviction should be set aside because she did not knowingly, intelligently, and voluntarily waive her right to counsel when she entered her plea of guilty. The only question for this court to consider is whether the trial court abused its discretion when it found that appellant had validly waived her right to counsel. Finding no abuse of discretion, we affirm the trial court's order denying habeas relief.

## BACKGROUND

Appellant, a native of El Salvador, became a lawful permanent resident of this country in 1992. In 1997, she was arrested and charged with possessing a misdemeanor quantity of marijuana. Appellant pleaded guilty to the offense as charged without the assistance of an attorney. Punishment was assessed at two days' confinement, but the trial court gave her credit for time already served.

In 2014, appellant was placed into federal custody on immigration charges. Because of her misdemeanor conviction, she faced being sent back to her home country. In an effort to stop deportation, appellant filed an application for writ of habeas corpus, challenging the validity of the underlying conviction. Appellant asserted that she had been indigent at the time of the marijuana charge, could not have afforded an attorney, and had not been advised of her right to court-appointed counsel.

The trial court conducted a hearing, where no live testimony was taken. The judge who presided over the hearing had served on the bench since 1995, but she was not the same judge who had accepted appellant's plea in 1997.

Appellant submitted three affidavits in support of her application, one of her own and two more from her mother and immigration attorney. Appellant testified that she had posted a bond shortly before she had entered her plea. She claimed that she had pleaded guilty because she had been acting under a belief that a guilty plea would end her case without any additional jail time. Appellant also testified that it had been her understanding that if she were released on bond, then she would not be entitled to court-appointed counsel.

The other two affidavits contained similar testimony. Appellant's mother testified as follows: "When [appellant] got out of jail we could not [afford] to hire

an attorney. We were not told that she could have an appointed attorney. She pled because she had no attorney and did not want to go back to jail." Appellant's immigration attorney testified: "Ms. Martinez's plea to the offense of possession of marihuana was not knowing, intelligent or voluntary. She now faces deportation to a country she has no ties to. In the interest of justice, Ms. Martinez should be allowed to reopen her criminal conviction for this charge."

The State proved that the district attorney's office no longer had its case file. The State also proved that the district clerk's office had destroyed most of the records from the earlier proceedings. The district clerk's file contained no hearing transcripts, docket sheets, or written waivers relating to appellant's plea. All that remained instead was a judgment of conviction, an offense report, and several documents pertaining to the bond and schedule of fines.

The State offered into evidence a blank form that was routinely used by the courts in 1997 whenever a defendant intended to waive her right to counsel and plead guilty to a misdemeanor charge. There was no evidence, however, that appellant had signed the form before she entered her plea, or that the district clerk's office had destroyed the form when it purged its records of old files.

The only evidence of waiver was found in the judgment of conviction. On the first page of the judgment, a box was checked denoting that appellant had waived her right to counsel. The recitals at the end of the judgment provided further that appellant had "knowingly, intelligently, and voluntarily waived the right to representation by counsel as indicated above."

The State urged the trial court to apply a presumption of regularity and reject appellant's affidavit testimony. In the alternative, the State also argued that the doctrine of laches would bar any entitlement to habeas relief.

3

The trial court determined that appellant's affidavit testimony was not credible and that laches should apply. In its written findings of fact, the court explained that appellant's version of events did not comport with the court's own experience that defendants are regularly advised of the right to counsel. The court also found that appellant's credibility was negatively impacted by her lengthy delay in seeking habeas relief. Based on these findings, the court concluded that appellant had failed to overcome a presumption of regularity in the judgment, and that her application for habeas relief should be denied.

## ISSUES PRESENTED

Appellant raises two issues. In her first issue, appellant argues that the trial court abused its discretion because there is no evidence that she validly waived her right to counsel. In her second issue, appellant challenges whether the doctrine of laches applies in this case. We do not consider the laches argument because our analysis under the first issue is dispositive.

## ANALYSIS

A waiver of the right to counsel must be entered knowingly, intelligently, and voluntarily to comport with constitutional norms. *See Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997). A waiver is intelligent when the defendant "knows what he is doing and his choice is made with eyes open." *See Iowa v. Tovar*, 541 U.S. 77, 88 (2004) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). A waiver is voluntary if it is uncoerced. *See Godinez v. Moran*, 509 U.S. 389, 401 n.12 (1993).

A reviewing court cannot presume from a silent record that a defendant has validly waived her right to counsel. *See Carnley v. Cochran*, 369 U.S. 506, 516 (1962). The record must show, or there must be an allegation and evidence which

4

show, that the defendant was offered counsel but intelligently and understandingly rejected the offer. *Id.* "Anything less is not waiver." *Id.*

Appellant argues that the record in this case is silent. Citing *Goffney v. State*, 843 S.W.2d 583 (Tex. Crim. App. 1992), she contends that the recitals in her judgment are insufficient by themselves to establish that she validly waived her right to counsel.

*Goffney* is distinguishable on the facts. In that case, the defendant contested his guilt and represented himself during a trial by jury. *Id.* at 584. The Court of Criminal Appeals held that the defendant could not have validly waived his right to counsel unless he was first admonished of the dangers and disadvantages of self-representation. *Id.* at 584–85 (citing *Faretta v. California*, 422 U.S. 806 (1975)). The court examined the recitals in the judgment for evidence of these admonishments, but the recitals stated only that the defendant had "knowingly, intelligently and voluntarily waived his right to counsel." *Id.* at 584. Because the record otherwise failed to show proof that the admonishments were given, the court concluded that the recitals were insufficient to establish a valid waiver. *Id.*

Here, appellant did not contest her guilt or try her case to a jury. She pleaded guilty to the offense as charged. When a defendant appears without an attorney to plead guilty or nolo contendere, the trial court is not required to admonish her about the dangers and disadvantages of self-representation. *See Hatten v. State*, 71 S.W.3d 332, 334 (Tex. Crim. App. 2002). The only issue in such cases is "whether there was a knowing, voluntary, and intelligent waiver of counsel." *Id.* The recitals in appellant's judgment say exactly that.

The parties have not cited to *State v. Guerrero*, 400 S.W.3d 576 (Tex. Crim. App. 2013), but we find that case to be instructive. There, as here, an applicant for habeas relief challenged the validity of a prior conviction, claiming that he had

pleaded guilty without being advised of the right to counsel. *Id.* at 580. The judgment contained recitals that the applicant had "knowingly, intelligently, and voluntarily waived counsel." *Id.* at 585. The Court of Criminal Appeals held that the applicant had the burden of rebutting the presumption that the recitals were correct:

> When a person attacks the validity of his prior guilty plea as that plea is reflected in the written judgment, he bears the burden of defeating the normal presumption that recitals in the written judgment are correct. Those written recitals "are binding in the absence of direct proof of their falsity."

*Id.* at 583 (footnotes omitted) (quoting *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984)).

Following *Guerrero*, we conclude that the record is not silent because the underlying judgment contains recitals, and we presume that the recitals are correct. To be entitled to habeas relief, appellant accordingly had to show by a preponderance of the evidence that she did not knowingly, intelligently, and voluntarily waive her right to counsel.

The trial court sits as the finder of fact in a habeas proceeding brought under article 11.09 of the Texas Code of Criminal Procedure. In such cases, the court is the sole judge of credibility and demeanor, and we may not disturb its ruling absent a clear abuse of discretion. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We defer to the trial court's findings of fact that are supported by the record, even when no witnesses testify and all of the evidence is submitted through affidavits. *See Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). We also infer all implied findings of fact that are necessary to

6

support the trial court's ruling. *See Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010).

Appellant testified by affidavit that she had not been advised of her right to an attorney, and that she would have requested an attorney had she been so advised. The trial court was free to disbelieve this testimony, and in its findings of fact, it expressly determined that appellant's account was not credible. The court did not make a similar finding with respect to the affidavit testimony of appellant's mother and immigration attorney, but we can infer that this testimony was implicitly rejected. *Cf. Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013) (holding that a trial court had implicitly found that an affiant lacked credibility, even where the affidavit testimony was uncontroverted).

Deferring, as we must, to the trial court's assessment of credibility, we conclude that appellant failed to overcome the presumption that the recitals in her judgment were correct. The trial court did not abuse its discretion by denying appellant's application.

## CONCLUSION

The trial court's order denying habeas relief is affirmed.


/s/ Tracy Christopher
Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby.
Publish — Tex. R. App. P. 47.2(b).

7