**Affirmed and Memorandum Opinion filed July 25, 2017.**



In The

# Fourteenth Court of Appeals

### NO 14-16-00542-CR

## EX PARTE BADIH AHMAD AHMAD

**On Appeal from the County Criminal Court at Law No. 12
Harris County, Texas
Trial Court Cause No. 0948654**

## M E M O R A N D U M   O P I N I O N

Appellant Badih Ahmad Ahmad was convicted in 1987 after pleading guilty to a misdemeanor offense of driving while intoxicated. Appellant contends that the 1987 conviction is being used as a sentence enhancement in another case pending against him for felony driving while intoxicated. Appellant filed a post-conviction application for writ of habeas corpus challenging the 1987 conviction under article 11.09 of the Code of Criminal Procedure, which the trial court denied after a hearing.

Appellant contends the 1987 conviction is void because he was not admonished on the maximum range of punishment and did not knowingly and

intelligently waive his right to counsel. We conclude, however, that the trial court in the misdemeanor case was not required to admonish appellant on the range of punishment and appellant did not show that he was unaware of the maximum range of punishment at the time he pleaded guilty. Further, appellant did not rebut the recitals in the 1987 judgment that he knowingly, intelligently, and voluntarily waived his right to counsel. Because appellant did not meet his burden of establishing his right to habeas relief, we affirm the trial court's judgment.

## BACKGROUND

On May 19, 1987, appellant pled guilty and was convicted of the misdemeanor offense of driving while intoxicated (cause number 0948654). His punishment was assessed at sixty days' incarceration in the Harris County Jail and a fine of $100. The 1987 judgment of conviction does not contain any recitals regarding potential range of punishment, but it does contain a recital that appellant knowingly, intelligently, and voluntarily waived his right to counsel. Our record contains no other documents and no reporter's record related to the 1987 judgment.

Almost thirty years later, appellant filed his application for writ of habeas corpus under article 11.09 of the Code of Criminal Procedure. Appellant alleged in his application that he is currently incarcerated at the Harris County Jail on a separate charge of felony driving while intoxicated (cause number 1484048) and that the State is seeking to use the 1987 judgment to enhance his punishment. Appellant contended that the 1987 judgment is void because: (1) he was not admonished on the range of punishment before pleading guilty to the misdemeanor charge of driving while intoxicated; and (2) he was not represented by counsel and the waiver of counsel recited in the judgment was not knowingly and intelligently made under the Sixth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 10 of the Texas Constitution.

2

Appellant did not attach any evidence to his application regarding the 1987 judgment other than his own affidavit. In his affidavit, appellant stated that he was not admonished on the range of punishment and would not have pled guilty had he known the maximum range of punishment. He pointed out that he was twenty-one years of age at the time, it was his first DWI, and he was ignorant of the laws of the State and the processes of the court system. He also alleged in his application that he was incorrectly told by an unknown court official that he would be "put away for a very long time" and they would "throw away the key" if appellant did not plead guilty to the charges.

The trial court held a hearing and signed an order denying the application for writ of habeas corpus. The court rendered a judgment, which provides that the court heard the application, the applicant and an assistant district attorney representing the State appeared for a hearing, and that the court denied the requested relief after reviewing the pleadings and hearing the evidence and argument of the parties. No recording was made of the hearing and there is no reporter's record. Appellant requested that the trial court make findings of fact and conclusions of law but none were issued. This appeal followed.

## ANALYSIS

Appellant challenges the denial of his application for writ of habeas corpus in two issues. Appellant argues the trial court erred in denying his application to void the 1987 judgment given his allegations that, before pleading guilty, he: (1) was not admonished on the maximum range of punishment; and (2) did not knowingly and intelligently waive his right to counsel. We address each issue in turn.

3

## I.    Standard of review

Texas Code of Criminal Procedure 11.09 provides that a person confined on a misdemeanor charge may seek relief by filing a writ of habeas corpus.[1] Tex.  Code Crim. Proc. Ann. art. 11.09 (West 2015).  A party seeking post-conviction habeas corpus relief must allege and prove his claims by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).  The party may appeal a denial of habeas relief under Article 11.09 to an intermediate court of appeals.  *Dahesh v. State*, 51 S.W.3d 300, 302 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

In reviewing a trial court's ruling on an application, we consider the evidence presented in the light most favorable to the trial court's ruling.  *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  When ruling on an application under article 11.09, the trial court sits as the fact finder and is the sole judge of credibility and demeanor.  *Ex parte Martinez*, 451 S.W.3d 852, 856 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).  We may not disturb the trial court's ruling absent a clear abuse of discretion.  *Id.* (citing *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim.

---

[1] Under Article 11.09, an applicant satisfies the requirement of confinement if, though no longer incarcerated, he is subject to collateral legal consequences from the prior conviction.  *Ex parte Crosley*, 548 S.W.2d 409, 410 (Tex. Crim. App. 1977); *Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 326 (Tex. App.—Houston [14th Dist.] 2009, no pet.).  Such collateral legal consequences include use of the prior conviction to enhance punishment in a subsequent case.  *Ex parte Crosley*, 548 S.W.2d at 410; *Ex parte Karlson*, 282 S.W.3d 118, 126 (Tex. App.—Fort Worth 2009, pet. ref'd).  Appellant contends in his application and brief on appeal that the 1987 judgment is being used to enhance the range of punishment for his recent charge of driving while intoxicated in cause number 1484048.  Though our record does not contain any documents related to cause number 1484048, the State does not dispute appellant's allegations regarding the use of the 1987 judgment as an enhancement.  The trial court thus had jurisdiction under article 11.09 to consider appellant's habeas application.  *See Ex parte Ali*, 368 S.W.3d 827, 832 (Tex. App.— Austin 2012, pet. ref'd) (concluding court has jurisdiction based on allegations of collateral legal consequence that were undisputed by the State).

4

App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 33 (Tex. Crim. App. 2007)). We defer to the trial court's findings of fact that are supported by the record, even when no witnesses testify and all of the evidence is submitted through affidavits. *See Ex parte Wheeler*, 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006).

**II.    The trial court did not abuse its discretion in denying the habeas application based on lack of admonishment on the range of punishment.**

In support of his first issue regarding lack of admonishment, appellant points to Article 26.13 of the Code of Criminal Procedure, which requires trial court admonishments of the range of punishment before accepting a guilty plea in felony proceedings. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (West 2016). Appellant also relies on the Dallas Court of Appeals' decision in *McMillan v. State* for the proposition that due process requires a defendant charged with a misdemeanor offense to be informed of the maximum term of imprisonment before entering a guilty plea. 703 S.W.2d 341, 344 (Tex. App.—Dallas 1985), *rev'd*, 727 S.W.2d 582 (Tex. Crim. App. 1987). Appellant's reliance on these authorities is misplaced.

As the Court of Criminal Appeals has long held, the statutory admonishments found in Article 26.13 do not apply to misdemeanor cases. *State v. Guerrero*, 400 S.W.3d 576, 589 (Tex. Crim. App. 2013) ("[A]s we have repeatedly stated, [article 26.13] does not apply to misdemeanor cases."). Thus, the trial court in the 1987 misdemeanor case was not required to admonish appellant under Article 26.13. *See id*.

Nor does the *McMillan* decision support appellant's challenge. In *Tatum v. State*, this Court addressed the *McMillan* decision in some detail. 861 S.W.2d 27, 28 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). We noted that, although the *McMillan* court stated that federal due process requires misdemeanor defendants to

5

be informed of the maximum term of imprisonment before entering a guilty plea, there is no requirement that the trial court make the admonishment. *Id.* at 29. Rather, due process is satisfied as long as the defendant is otherwise made aware of the maximum range of punishment. *See id.* at 29-30.

We also stated in *Tatum* that when a party collaterally attacks a prior conviction, as appellant does here, the burden is on the applicant to bring forth a record showing that he was unaware of the maximum range of punishment. *Id.* at 29 (citing *Acosta v. State*, 650 S.W.2d 827, 828-29 (Tex. Crim. App. 1983)); *see also Ex parte Davis*, 748 S.W.2d 555, 559 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). In his application for habeas relief, appellant offered only his affidavit to prove that he was unaware of the maximum range of punishment. Appellant did not bring forth the reporter's record from the hearing on his prior guilty plea, nor has he produced proof that none was made or, if made, was unavailable. We have no other documents from the prior 1987 judgment.

Appellant's affidavit standing alone is insufficient show that the trial court abused its discretion in denying his application. *See Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985) (evidence other than an appellant's own testimony is required because "[t]o hold otherwise would allow the mere assertions of a defendant to invalidate convictions obtained nearly twenty years ago"). Further, the trial court, as the finder of fact, is the sole judge of credibility determinations and could have disbelieved appellant's statement in his affidavit that he did not know the maximum range of punishment. *Ex parte Martinez*, 451 S.W.3d at 856. Appellant's affidavit does not satisfy his burden of establishing an abuse of discretion in denying habeas relief.

Appellant points to the lack of a written admonishment on the maximum range of punishment in the 1987 judgment and argues that a silent record supports an

inference that he was not properly admonished. Appellant cites cases for the proposition that, for a defendant's guilty plea to be valid, the record must affirmatively show the plea was intelligently and voluntarily made. *See, e.g.*, *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002) (silent record can support inference that defendant did not know consequences of plea). Again, appellant's reliance on these authorities is misplaced.

In the cases cited by appellant, the court was reviewing the record in a direct appeal from the underlying conviction to determine whether a valid waiver had occurred. *See Boykin*, 395 U.S. at 242; *Burnett*, 88 S.W.3d at 634-35. Habeas corpus proceedings are not direct appeals; instead, they are collateral attacks on a prior conviction. *See Ex parte Rodriguez*, 466 S.W.3d 846, 852 (Tex. Crim. App. 2015) ("'Our cases have consistently characterized habeas corpus as a collateral attack on a judgment of conviction.'"). The silent-record inference does not apply to a collateral attack on a prior conviction, in which the applicant bears the burden of bringing forward the entire record. *See West v. State*, 720 S.W.2d 511, 519 (Tex. Crim. App. 1986) (burden is on party seeking to collaterally attack prior judgment to show record is indeed silent); *Ex parte Alexander*, 598 S.W.2d 308, 310 (Tex. Crim. App. 1980); *see also Tatum*, 861 S.W.2d at 29 (appellant collaterally attacking prior conviction based on lack of admonishment as to range of punishment had burden to show he was unaware of maximum range of punishment).

Because appellant did not bring forth a sufficient record to show that he was unaware of the maximum range of punishment before entering his guilty plea, he did not establish his right to habeas relief. *See Martinez*, 451 S.W.3d at 856; *Tatum*, 861 S.W.2d at 30. We overrule appellant's first issue.

**III.  The trial court did not abuse its discretion in denying the habeas application based on waiver of counsel.**

In his second issue, appellant contends he was entitled to habeas relief because he did not knowingly and intelligently waive the right to counsel before pleading guilty in 1987.  Appellant acknowledges in his brief that the 1987 judgment contains a recitation that appellant waived an attorney and a recitation that he "knowingly, intelligently and voluntarily waived the right to representation by counsel."

A defendant's waiver of the right to an attorney satisfies constitutional protections where the waiver is made knowingly, intelligently, and voluntarily.  *See Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997); *Ex parte Martinez*, 451 S.W.3d at 855.  A waiver is made intelligently when the defendant "knows what he is doing and his choice is made with eyes open." *Ex parte Martinez*, 451 S.W.3d at 855 (quoting *Iowa v. Tovar*, 541 U.S. 77, 88, 124 S.Ct.  1379, 158 L.Ed.2d 209 (2004)).  A defendant voluntarily waives the right to counsel when the waiver is uncoerced. *Id.*

In *State v. Guerrero*, the Court of Criminal Appeals addressed a defendant's collateral attack on a prior conviction by claiming that he had pleaded guilty to a misdemeanor offense without being advised of the right to counsel.  400 S.W.3d at 580.  As in this case, the judgment in *Guerrero* contained a recital that the applicant had "knowingly, intelligently, and voluntarily waived counsel."  *Id.* at 585.  The Court of Criminal Appeals explained:

> When a person attacks the validity of his prior guilty plea as that plea is reflected in the written judgment, he bears the burden of defeating the normal presumption that recitals in the written judgment are correct. Those written recitals "are binding in the absence of direct proof of their falsity."

*Id.* at 583 (footnotes omitted) (quoting *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984)). Under *Guerrero*, appellant thus bears the burden of rebutting the recitals in the 1987 judgment with competent evidence. *See id.*

In his application, appellant stated that the waiver of counsel was not valid because: (1) he was apprised of his right to counsel in a group session; (2) he did not execute a written waiver of his right to counsel; (3) the trial court did not inquire into appellant's age, educational background, prior experience with the criminal justice system, or understanding of the dangers of self-representation; (4) the trial court did not examine appellant to determine if he was indigent; and (5) the trial court did not ask appellant if his waiver was freely and voluntarily entered. None of appellant's reasons are sufficient to show an abuse of discretion in denying his application for habeas relief.

Appellant did not offer any sworn pleading or sworn testimony other than his own affidavit, did not offer a reporter's record from any hearing on the 1987 judgment, nor any other affidavits, associated exhibits, or documents that would rebut the recitals stated in the judgment. His allegations in his application, standing alone, were not sufficient. *See Disheroon*, 687 S.W.2d at 334 ("Appellant's testimony alone fails to meet the burden of showing indigency, lack of counsel and lack of waiver."). Likewise, there is no requirement that a waiver of counsel be in writing to be valid, *Burgess v. State*, 816 S.W.2d 424, 430-31 (Tex. Crim. App. 1991), and a trial court is not required to admonish a defendant regarding the dangers and disadvantages of self-representation when the defendant pleads guilty or nolo contendre. *Hatten v. State*, 71 S.W.3d 332, 334 (Tex. Crim. App. 2002); *Ex parte Martinez*, 451 S.W.3d at 855.

The trial court, sitting as the finder of fact in a habeas proceeding under article 11.09 of the Texas Code of Criminal Procedure, was free to believe or disbelieve the

statements offered by appellant. *Ex parte Martinez*, 451 S.W.3d at 856. Deferring as we must to the trial court's assessment of the facts, we conclude appellant failed to overcome the presumption that the recitals in the 1987 judgment were correct. *Guerrero*, 400 S.W.3d at 584-85; *Ex parte Martinez*, 451 S.W.3d at 856. Appellant did not establish that the trial court abused its discretion by denying his application for habeas relief. We overrule his second issue.

## CONCLUSION

We overrule appellant's two issues on appeal. The trial court's judgment denying habeas relief is affirmed.


/s/     J. Brett Busby
Justice


Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).