

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00206-CR

**EX PARTE** Juan P. **TORRES**

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR10332W
Honorable Christine Del Prado, Judge Presiding

Opinion by:  Irene Rios, Justice

Sitting:  Irene Rios, Justice
Lori Massey Brissette, Justice
Velia J. Meza, Justice

Delivered and Filed: August 13, 2025

AFFIRMED

Juan P. Torres appeals the trial court's order denying his application for a writ of habeas corpus filed under article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072. We affirm.

### BACKGROUND

In October 2015, Torres pled guilty to felony driving while intoxicated ("DWI"), third offense or more. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2). On December 7, 2015, the trial court sentenced Torres to six years' imprisonment, suspended his sentence, and placed him on community supervision for six years. Torres stipulated to the evidence supporting the trial court's finding of guilt.

Law enforcement stopped Torres after seeing Torres traveling the wrong way down a roadway. After Torres gave consent to provide a blood specimen, a Texas Department of Public Safety Crime Laboratory Alcohol Content Laboratory Report indicated Torres's blood alcohol content measured 0.303 (+/- 0.029) grams of alcohol per 100 milliliters of blood, more than three times the legal limit. *See id.* § 49.01(1)(B), (2)(B).

Upon completing his community supervision, the trial court discharged Torres from community supervision on December 7, 2021. In October 2023, Torres, a citizen of Mexico, filed his application for article 11.072 writ of habeas corpus contending he received ineffective assistance of counsel because his plea counsel failed to advise him of the possible immigration consequences resulting from a plea agreement. In particular, Torres claimed this failure and his resulting plea affected the risk of his deportation and more importantly adversely affected his ability to gain lawful status in the United States, namely, eligibility for cancellation of removal. To be eligible for cancellation of removal, an immigrant applicant with multiple convictions must not have received aggregate sentences to confinement of five years or more. *See* 8 U.S.C.A. §§ 1182(a)(2)(B), 1229b(b)(1). According to Torres, prior to his 2015 plea for committing felony DWI, his sentences from prior convictions totaled approximately three years and four months, thereby necessitating any sentence for the 2015 offense and any subsequent offenses to be less than two years.

On February 20, 2024, the trial court issued an order denying Torres's request for habeas relief. The order contained findings of fact and conclusions of law, including details from Torres's defense counsel's affidavit concerning his representation of Torres. This appeal ensued.

### ARTICLE 11.072 HABEAS CORPUS RELIEF

An individual who has completed a term of community supervision may file an application for a writ of habeas corpus challenging the legal validity of the conviction for which community supervision was imposed. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 2(b)(1). "An applicant for a post-conviction writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence." *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016).

We review a trial court's denial of a writ of habeas corpus under an abuse of discretion standard. *Ex parte Leal*, 427 S.W.3d 455, 459 (Tex. App.—San Antonio 2014, no pet.) (citing *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006)). In article 11.072 cases, the trial court is the sole factfinder, and the reviewing court acts only as an appellate court. *Ex parte Sanchez*, 625 S.W.3d 139, 144 (Tex. Crim. App. 2021). As the reviewing court, "we afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor." *Torres*, 483 S.W.3d at 42. Moreover, we imply all findings of fact necessary to support the trial court's ruling and review the facts in the light most favorable to the trial court's decision, upholding the ruling absent an abuse of discretion. *Ex parte Martinez*, 451 S.W.3d 852, 856 (Tex. App.—Houston [14th Dis.t.] 2014, pet. ref'd); *see also Leal*, 427 S.W.3d at 459.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In two issues, Torres argues that the trial court erred in denying his habeas corpus application because he established that he received the ineffective assistance of counsel during his plea proceeding. Torres's ineffective assistance of counsel claim focuses on his plea counsel's alleged failure to advise him of the immigration consequences of his plea.

"To demonstrate that he is entitled to post-conviction relief on the basis of ineffective assistance of counsel, an applicant must demonstrate that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the applicant was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome." *Torres*, 483 S.W.3d at 43 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 693 (1984)).

To establish deficient performance, an applicant must show that trial counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. *Leal*, 427 S.W.3d at 459 (citing *Strickland*, 466 U.S. at 687–88). Our review of counsel's representation is highly deferential, and we presume counsel's performance fell within the wide range of reasonable professional assistance. *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005). Additionally, proving prejudice in a plea case requires the applicant to show a reasonable probability exists that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial. *Torres*, 483 S.W.3d at 47.

An applicant seeking post-conviction habeas corpus relief must prove both elements of his ineffective assistance claim by a preponderance of the evidence. *See Ex parte Martinez*, 330 S.W.3d 891, 900–01 (Tex. Crim. App. 2011). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An ineffective assistance of counsel claim must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id*.

We begin our analysis by first determining if Torres met his burden to prove that his plea counsel's performance was deficient.

**ALLEGED FAILURE TO ADVISE OF IMMIGRATION CONSEQUENCES**

In his habeas corpus application and on appeal, Torres argued that his plea counsel's performance was deficient because plea counsel failed to properly advise him about the immigration consequences of his plea. Torres further contends that had he been advised of the immigration consequences he would have gone to trial.

The United States Supreme Court has recognized that the scope of the Sixth Amendment requires an attorney representing a noncitizen criminal defendant to provide advice about the risk of deportation arising from a no contest or guilty plea. *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010); *Torres*, 483 S.W.3d at 43. "In *Padilla*, the United States Supreme Court held that when the removal consequences of a guilty plea are clear, counsel has a duty to correctly advise a defendant of those consequences." *Ex parte Aguilar*, 537 S.W.3d 122, 126 (Tex. Crim. App. 2017) (citing *Padilla*, 559 U.S. at 369). "*Padilla* requires that counsel give a defendant accurate legal advice about the 'truly clear' consequences of a plea of guilty to an offense that, as a matter of law, renders him 'subject to automatic deportation.'" *Torres*, 483 S.W.3d at 46 (quoting *Padilla*, 559 U.S. at 360, 369). When counsel fails to comply with the requirements articulated in *Padilla* and its progeny, his representation falls below an objective standard of reasonableness. *See Aguilar*, 537 S.W.3d at 128 (holding counsel's performance was deficient when counsel knew his client was not a United States citizen, had been advised by an immigration attorney that a felony conviction would subject his client to removal, but nevertheless advised his client that the plea would not have negative immigration consequences); *Torres*, 483 S.W.3d at 44-46 (holding that counsel's performance was deficient when, in the face of certain deportation, he advised his client that deportation was only a possibility). However, because immigration law can be complex, "[w]hen the law is not succinct and straightforward[,] a criminal defense attorney need do no more

than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Padilla*, 559 U.S. at 369.

In conducting our review of counsel's performance, we defer to the trial court's express and implied factual findings that are supported by the record. *Torres*, 483 S.W.3d at 42; *Ex parte Wheeler*, 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006). Here, the trial court found plea counsel to be "truthful and credible," and based on plea counsel's affidavit, the trial court found the following in its order denying Torres's habeas petition:

- Upon initially meeting Torres, plea counsel learned of Torres's illegal immigration status and that Torres had previously been convicted three times for DWI, including a prior felony DWI. Plea counsel informed Torres that because of his prior felony DWI, his current felony DWI charge would be difficult to defend.

- Plea counsel advised Torres to seek advice from an immigration attorney because plea counsel's office did not handle immigration cases. Plea counsel told Torres, "[T]hat if he plead guilty to this offense that this was going to affect his status to stay in the United States and would affect him in the future if he ever chose to pursue citizenship."

- Because his office did not handle immigration matters, plea counsel provided Torres a list of firms to call that his office routinely refers criminal clients to with immigration issues, including the immigration attorney that Torres attached her affidavit to his application for writ of habeas corpus.

- Plea counsel represented his firm's standard practice is not to proceed with plea proceedings if the firm knows the client has immigrations issues; and the firm always encourages the client to visit with an immigration attorney.

- After proceeding with Torres's case, plea counsel "was able to convince the prosecution to recommend a [six-year] sentence with a [six-year] probation term[,]" as previously the prosecution was going to recommend penitentiary time because Torres had a prior felony DWI. Plea counsel informed Torres of the prosecution's six-year probated sentence offer.

- Plea counsel asked Torres "repeatedly if he had visited with an immigration attorney because a plea in this case would affect his ability to stay in this country now and in the future." Torres informed plea counsel that he had visited with an immigration attorney and was "told there was not much they could do because of his prior felony and his pending felony[,]" and he was ready to proceed with the plea offer.

- Plea counsel informed Torres of all his constitutional rights, including his right to a trial by jury and ability to refuse the plea offer made by the State.

- Torres told plea counsel that "the risk of going to the penitentiary if he was found guilty was too big and he would rather just accept the probation offer." Torres added that his goal from the beginning of the case was "to keep him out of the penitentiary."

- Prior to Torres accepting the plea, plea counsel "went over all of his constitutional rights that he had under the law including but not limited to a jury trial. [Plea counsel], once again, informed [Torres] that a guilty plea could affect his ability to remain in this [c]ountry now and in the future [because] it could also impact his ability to apply for citizenship in this [c]ountry."

The trial court then concluded Torres's allegation that his plea counsel provided him ineffective assistance of counsel "is without merit because [Torres] was warned that [his plea] could affect his ability to stay in the United States." The trial court also determined that Torres "was not deprived of meaningful appeal and counsel was not ineffective."

Additionally, the trial court determined it was not "able to state with certainty that 'the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence for [Torres's] conviction.'" *See Padilla*, 559 U.S. at 368. The trial court further explained this determination by referring to the affidavit of the immigration attorney Torres attached to his writ application wherein the attorney concluded Torres's 2015 DWI felony conviction "makes him inadmissible and ineligible for cancellation of removal[,]" but still stated in her opinion there were possible forms of relief from deportation. The trial court added that the immigration attorney's conclusion was based on "her expertise as an immigration attorney and familiarity with immigration law that supplied the awareness of [Torres's] immigration consequences." Nonetheless, the trial court still noted Torres's plea counsel advised Torres he was not an immigration attorney, Torres should seek the advice of an immigration attorney, and that "accepting the plea offer in this case would no doubt have an adverse effect on his immigration status."

Moreover, while not sufficient on its own, the clerk's record contains a copy of the written admonishments sworn to and signed by Torres on the day he entered his no contest plea. Torres was admonished that if he is not a United States citizen and pleaded guilty or no contest, he may face immigration consequences, resulting in deportation, exclusion from admission to this country, or denial of naturalization under federal law.

Plea counsel did advise Torres to seek advice from an immigration attorney because plea counsel and his firm did not handle immigration cases. Plea counsel also told Torres that his plea "is going to affect his status to stay in the United States and would affect him in the future if he ever chose to pursue citizenship." Deferring to the trial court's express and implied findings that are supported by the record, especially when those findings were based upon credibility and demeanor, we conclude that Torres failed to prove, by a preponderance of the evidence, that his plea counsel's performance fell below an objective standard of reasonableness. *See Torres*, 483 S.W.3d at 42, 43.

Because Torres did not establish his plea counsel's deficient performance, we need not discuss whether he established the required prejudice to prove his ineffective assistance of counsel claim.[1] *See Martinez*, 330 S.W.3d at 900 (providing that a successful ineffective assistance of counsel claim "requires the applicant to establish two components"); *Thompson*, 9 S.W.3d at 813 (same).

Accordingly, we overrule Torres's appellate issues.

---

[1] Nonetheless, we note the habeas court was free to disbelieve Torres's self-serving statement that he would not have pleaded guilty if he had been aware of the immigration consequences of his plea. *See Ex parte Fassi*, 388 S.W.3d 881, 888 (Tex. App.—Houston [14th Dist.] 2012, no pet.). This is especially true considering the "overwhelming" evidence of Torres's guilt, including driving the wrong way on the road and having approximately three times the legal limit of alcohol that determines intoxication; and the fact that Torres had three prior DWI offenses, including another felony DWI, in addition to the current felony DWI offense. *See Ex parte Ali*, 368 S.W.3d 827, 840 (Tex. App.—Austin 2012, pet. ref'd).

## CONCLUSION

We conclude the trial court did not abuse its discretion in denying Torres's application for writ of habeas corpus. We affirm the trial court's order.

Irene Rios, Justice

DO NOT PUBLISH